## OPPENHEIMER v. DENVER & R. G. R. Co.

1. The jury are the judges of the credibility of witnesses, and the court will not review their findings upon questions of fact unless they are palpably against the weight of the evidence.

2. In an action to recover damages for the wrongful act of the defendant, where the jury return a verdict for the defendant, objections to the instructions of the court relative to the measure of damages in case the jury should find for the plaintiff will not be considered upon appeal.

3. Parol evidence of the contents of a writing is admissible upon proof of the loss of the writing.

4. Where the plaintiff sues for damages for wrongful ejectment from a train upon which he was traveling by virtue of a mileage ticket, and the defendant pleads that the ticket was issued upon the condition, of which plaintiff had notice, that it was not available over that portion of the road upon which he was traveling, evidence that the defendant had sold the same kind of ticket to another person about the time of the sale to plaintiff, and that such ticket was used without objection by the company, is inadmissible.

### Error to District Court of Arapahoe County.

THIS was an action brought by the plaintiff in error against the defendant railway company to recover damages for an alleged ejectment from one of the defendant's trains. The main issue in the trial of the case in the court below was whether the plaintiff, at the time he purchased his mileage tickets, was notified by the agents of the defendant company that they would not be accepted for fare over that portion of the company's road between Salida and Leadville. Verdict for the defendant, and judgment thereon. The points decided do not require any more extended statement of the facts.

Mr. GEO. H. KOHN, for plaintiff in error.

Mr. E. O. WOLCOTT, for defendant in error.

ELBERT, J. 1. There is no ground for saying that the verdict in this case is so palpably against the weight of evidence as to call for the interference of this court.

The witnesses Eccles and Sheppard both testified that they notified the plaintiff that the mileage tickets which he purchased were not good over that portion of the defendant's road between Salida and Leadville. The jury accepted their testimony as against that of the plaintiff, who testified affirmatively that there was no such notification, and the witness Eppstein, who testified negatively that he heard no conversation on the subject. The jury are the judges of the credibility of witnesses, and we see no reason to question their finding in this case.

2. The objections taken to the instructions of the court need not be considered. That portion of the charge to which they are taken concerns the measure of damages, and was for the guidance of the jury only in case they should find that the plaintiff was entitled to recover. The jury having found upon the main issue that the plaintiff, by reason of his notice that the ticket was not good for fare between Salida and Leadville, was not entitled to recover, that portion of the charge objected to had no use or office to fulfill. For a like reason, the objection that the plaintiff was not allowed to testify in rebuttal of the testimony given by the conductor and brakeman need not be considered. The jury having found against the plaintiff upon the main issue, the testimony of the conductor and brakeman upon the point sought to be rebutted was of no importance.

3. The tickets purchased by the plaintiff, concerning which the controversy arises, contained a condition that they should be good only on those portions of the defendant company's railroad where the defendant company's regulations warranted their acceptance. The plaintiff had notice of this condition at the time he purchased the tickets. The testimony shows that the defendant company had a verbal agreement with the Denver, South Park & Pacific Railway Company to the effect, *inter alia*, that the defendant should issue no mileage tickets applicable to that portion of its line between Salida and Lead-

ville. The reference on the ticket was to this regulation or verbal agreement. It further appears that, in pursuance of this agreement, Mr. Nims, the general passenger agent of the defendant, had issued orders, both verbally and in writing, to the proper agents and conductors of the company not to sell or receive mileage tickets for that portion of the defendant's road. Mr. Nims testified that when this instruction was in writing, it consisted of a notice written on the bottom of the tariff sheet; stating that the mileage tickets were not good west of Salida. He testified that he made every effort to find one of these tariff sheets by a thorough search at his office and everywhere else, and was unable to find one. This left it entirely proper for the court to admit oral testimony as to the purport of the instruction, which appears to have been, according to the testimony of the conductor Tammeny, the simple direction, "Mileage tickets will not be honored by conductors." A like objection taken to the testimony of the witness Sheppard is also untenable, for the reason that it does not appear with any certainty that the instructions given to him as agent of the company were otherwise than verbal.

4. The offer to show by Mr. Eppstein that the defendant company had sold the same kind of a ticket to him about the time of the sale to plaintiff, and that such ticket was used without restriction upon the defendant's road, was properly rejected. The real question at issue was whether the plaintiff was notified, at the time of the purchase of the ticket, that it was not good and would not be received for fare between Salida and Leadville; and the offer to prove that the defendant company had sold a mileage ticket to another party with a different limitation, or with no limitation, or that they had in one or more instances waived the limitation, was not pertinent to the issue. These mileage tickets were issued by the defendant company to large shippers and commercial travelers, and not to the general public. They were at a lower rate

than the regular fare, and issued *ex mera gratia* to parties doing a greater or less amount of business upon their line. With respect to such tickets no question of unjust discrimination can arise.

The foregoing embraces all the points argued by counsel for plaintiff in error, and all the assignments that are regarded as requiring notice. The judgment of the court below is affirmed.                      *Affirmed.*