BRAHONEY ET AL. V. DENVER, U. & P. R. CO.

1. PRACTICE IN SUPREME COURT — PRESERVING OBJECTIONS TO EVIDENCE AND INSTRUCTIONS.— Objections and exceptions relating to evidence and instructions given at the trial cannot be considered on error or appeal unless properly preserved in the record filed in this court.

2. SAME — OBJECTIONS TO PLEADINGS.— Objections to a complaint on the ground of misjoinder of parties, or that several causes of action are improperly united, and other like objections, if not taken by demurrer or answer, will be deemed waived.

*Appeal from Superior Court of Denver.*

Messrs. BROWNE & PUTNAM, for appellants.

Messrs. WOLCOTT & VAILE, for appellee.

---

MR. JUSTICE ELLIOTT delivered the opinion of the court.

From the abstract of the record upon which this appeal is prosecuted, it appears that prior to the institution of this action in the court below each of the appellants, seven in number, had commenced his separate suit in the superior court of Denver against appellee, claiming damages to certain real estate, or to some interest therein, owned by them in severalty, by reason of the occupation of certain streets, alleys or lands by said appellee for its railroad.    Thereupon appellee, a railroad corporation organized and doing business in this city, county and state, commenced this action in said superior court against appellants, and in its complaint, by appropriate averments, set forth, among other things, certain facts showing that it was in no wise liable to appellants for the damages claimed in their several suits, and asked that said appellants, respectively, be enjoined from prosecuting the same, and that the compensation and damages claimed in their said several suits, if it should be found they, or either of them, were entitled thereto, might be ascertained and assessed by commissioners appointed by the court, or by a jury of freeholders, as provided by the act of eminent domain.

Appellants filed their answer to the complaint, and by consent the several complaints in their original suits were made a part of said answer.    In their answer they also prayed that the compensation and damages claimed by them might be assessed by a jury to be selected by the court pursuant to the statute, etc.    Replication being filed, the cause was, by consent of the parties, tried to a jury of six persons, who, upon consideration of the evidence and instructions of the court, returned a verdict in favor of appellee.    Motion for a new trial being over-ruled, judgment was entered on the verdict perpetually restraining appellants from prosecuting their several original suits.    To reverse this judgment the case is brought here by appeal under the act of 1885.

The abstract of the record filed in this court contains no bill of exceptions, nor any part of the evidence or instructions to the jury. Hence we are not advised that appellants made any objections, or reserved any exceptions, upon which to base assignments of error relating to the merits of the trial. They did not by demurrer or answer make the objection that there was a misjoinder of parties defendant, or that several causes of action had been improperly united, or other objection of like character. Hence they must be held to have waived all such objections. Civil Code, § 55. The objection that the complaint does not state facts sufficient to constitute a cause of action might now be considered, if error had been properly assigned upon that ground; but from a careful examination of the pleadings we are satisfied that such an assignment would not be well taken. The facts stated were sufficient to constitute a cause of action, even though appellants might, if they had not waived the same by their mode of pleading, have successfully attacked the complaint on other grounds. *Mining Co. v. Johnson*, 13 Colo. 258.

It is assigned for error that the court exceeded its jurisdiction in entertaining the complaint of appellee against appellants, and that the whole proceeding in said superior court was irregular, and without authority of law.

It must be admitted that the suit or proceeding was somewhat anomalous, though not altogether without precedent, as a bill of peace, or proceeding to avoid expense and multiplicity of suits. *Railroad Co. v. Steiner*, 44 Ga. 546. The court was one of general jurisdiction, within the limits of the city of Denver, in all civil causes both at law and in equity. Gen. St. ch. 103, § 3. This cause was an equitable one, though it contemplated, in a certain contingency, the assessment of compensation and damages to appellants according to the act of February 12, 1877, providing for the exercise of the right of

eminent domain. The court was not without jurisdiction over the parties or the subject-matter. By joining in this proceeding without objection or exception, appellants must be held to have waived all objections to mere irregularities or errors of form. As neither the evidence nor the instructions are before us, we must presume that the verdict of the jury upon the merits was fully warranted; and, the court having by its decree approved and confirmed the same, we see no reason for disturbing it.

The judgment is accordingly affirmed.

*Affirmed.*