## SUTTON v. DANA.

1. MEASURE OF DAMAGES FOR CONVERSION OF PERSONALTY.— The gen-
eral rule is that the measure of damages in actions for the conversion
of personalty is the value of the property at the time of the taking,
with legal interest thereon from the date of the taking to the date of
rendering verdict.

2. Instructions Prayed, if Correct, Should be Given in Substance.— When instructions prayed state the law applicable to the issues and the evidence with substantial accuracy, they should be given in substance.

3. Importance of Charge to Jury.—Ordinarily, an extended charge to the jury is unnecessary; but when the question to be determined by them is complicated, and dependent upon a variety of circumstances and conditions, it is important that the jury should be guided in their deliberations by the learning and experience of the presiding judge.

4. Insolvent Debtor — May Sell His Property, When.—The fact that a party at the time of making a sale is insolvent or unable to pay all his debts does not deprive him of the power or render it unlawful for him to make such sale. A debtor in such condition may lawfully sell and dispose of his property, provided he does so for a fair and adequate and valuable consideration paid or to be paid by the purchaser, and from lawful motives, or without fraudulent intent as respects his creditors. His motives will be presumed to be lawful, and his intent not fraudulent, until the contrary is shown. Insolvency, if it exists, is only a circumstance to be taken into consideration by the jury in determining the question of fraudulent intent, for which alone the sale may be set aside. Of itself, insolvency constitutes no obstacle to the sale, or to its lawfulness or validity, if fairly and honestly made.

5. Same — May Prefer Creditors, When.— An insolvent debtor may lawfully prefer some of his creditors to others, and pay some of them in full, leaving others partially or wholly unpaid so far as he'shall be without means of payment, and may lawfully sell and dispose of his property for a fair, adequate and valuable consideration, for the purpose of making such payment or payments. The law permits an insolvent debtor to make choice of the creditors he will pay, and the mode or means by which he will make such payment, and something beyond such preference or payment must appear before the transaction is to be considered fraudulent. The preference of creditors by a failing debtor is not necessarily fraudulent.

*Appeal from District Court of Douglas County.*

The appellant was plaintiff below, and brought his action against defendant for the taking and conversion of a stock of merchandise of which plaintiff claimed to be the owner. The defendant was sheriff of El Paso county, and justified the taking under judgment and execution against one Conant, the original owner of the property, pleading specially

that the sale thereof to plaintiff was fraudulent and void as against the creditors of Conant.

The evidence tended to show that Conant, being in the mercantile business and in failing circumstances, sold the stock of merchandise in controversy to the plaintiff, Sutton, taking Sutton's notes therefor, and that Conant immediately transferred the notes to certain of his creditors other than the judgment creditors represented by the sheriff. The principal controversy at the trial was whether such sale of the goods to Sutton invested him with a good title as against such creditors.

The defendant undertook to prove that Conant made the sale with intent to hinder, delay and defraud his creditors, and that plaintiff had knowledge of such intent; and also that the sale was not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the goods sold.

The plaintiff gave evidence tending to show that the sale was made in good faith for a valuable consideration, and with intent to apply the proceeds thereof towards the payment of Conant's indebtedness, and not for any unlawful purpose.

The verdict and judgment were in favor of defendant. The assignments of error relate to the giving and refusing of instructions, and to the overruling of the plaintiff's motion for a new trial.

Mr. L. S. Dixon, for appellant.

Messrs. Wolcott & Vaile, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

The general rule is that the measure of damages in actions for the conversion of personalty is the value of the property at the time of the taking, with legal interest thereon from the date of the taking to the date of rendering verdict. It was error for the court to refuse to give

an instruction to this effect, as requested by plaintiff's counsel. The error, however, is not material upon this review, unless it be found that other error was committed which may have improperly caused the trial to result in favor of defendant. *Refining Co. v. Tabor*, 13 Colo. 59; *Oppenheimer v. Railway Co.* 9 Colo. 321.

The charge of the court, as given, other than the matter relating to the measure of damages, appears to be unobjectionable. The principal matter complained of is the refusal of the court to charge the jury as requested by plaintiff's counsel. It is the right of a party to pray instructions in writing to be given to the jury at the proper time; and when instructions thus prayed state the law applicable to the issues and the evidence with substantial accuracy, they should be given in substance.

The instructions prayed in behalf of plaintiff were numerous and comprehensive. They were each and all refused. Ordinarily, an extended charge, such as was requested in this case, would be altogether unnecessary, and perhaps injurious to the ends of justice, in a trial by jury. But the question of fraudulent intent in actions of the kind under consideration is often a complicated one. The acts which a failing debtor, situated as Conant was, may or may not lawfully do, depend upon a variety of circumstances and conditions. The law relating to such transactions is familiar to the legal profession, and may be supposed to be generally understood by business men engaged in commercial pursuits. Nevertheless, a jury may be composed of men whose minds are comparatively uninformed upon the subject. Hence, it is important, in such cases, that the jury shall be guided in their deliberations by the learning and experience of the presiding judge.

We shall not undertake to review all of the instructions prayed in behalf of plaintiff; a few will suffice for the purposes of this opinion. Under the issues, evidence and circumstances developed at the trial, if Conant, at the time of making the sale, was insolvent or unable to pay all his

debts, that fact did not deprive him of the power or render it unlawful for him to make such sale. A debtor in such condition may lawfully sell and dispose of his property, provided he does so for a fair and adequate and valuable consideration paid or to be paid by the purchaser, and from lawful motives, or without fraudulent intent as respects his creditors. His motives will be presumed to be lawful and his intent not fraudulent until the contrary is shown. Insolvency, if it exists, is only a circumstance to be taken into consideration by the jury in determining the question of fraudulent intent, for which alone the sale may be set aside. Of itself insolvency constitutes no obstacle to the sale or to its lawfulness or validity, if fairly and honestly made. An instruction to this effect was requested by plaintiff. It was error to refuse it.

So, too, it was error to refuse to charge the jury in substance that a debtor, situated as Conant was, might lawfully prefer some of his creditors to others, and pay some of them in full, leaving others partially or wholly unpaid so far as he should be without means of payment, and might lawfully sell and dispose of his property for a fair, adequate and valuable consideration for the purpose of making such payment or payments; that the law permits an insolvent debtor to make choice of the creditors he will pay, and the mode or means by which he will make such payment, and that something beyond such preference or payment must appear before the transaction is to be considered fraudulent. The preference of creditors by a failing debtor is not necessarily fraudulent. *Campbell v. Iron Co.* 9 Colo. 60; *Bank v. Newton*, 13 Colo. 256.

It is not our province to pass upon the weight of the evidence relating to the question of fraudulent intent, nor do we intimate that the verdict would have been different if the refused instructions had been given as prayed; neither must we be understood as saying that the trial court should have given all or any of the refused instructions *in the precise form and manner* as requested; but, as we have seen,

since some of them correctly stated the law applicable to the issues and evidence, such correct instructions, or, in their stead, others in substance like them, should have been given to the jury. *Boyce v. Stage Co.* 25 Cal. 470; *Continental Imp. Co. v. Stead*, 95 U. S. 166.

What we have already said will undoubtedly be sufficient to guide the court below on a retrial of the case without further expression of opinion as to the other instructions refused. We refrain from going further lest we might mislead rather than aid the trial court in so doing. Instructions should be appropriate to the evidence as introduced under the issues at the trial. They should be such as will properly guide the jury in their deliberations upon the particular matters brought before them for determination; hence, instructions cannot always be anticipated with safety, even where there has been one trial, inasmuch as the evidence may be different on the second trial.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*