THE PATRICK RED SANDSTONE COMPANY, ET AL., APPEL-
LANTS, v. WILLIAM SKOMAN, APPELLEE.

| 1 | 323 |
| 7 | 208 |
| 7 | 289 |
| 1 | 323 |
| 12 | 537 |
| 1 | 323 |
| 18 | 483 |
| 1 | 323 |
| 20 | 247 |

1. INSTRUCTIONS TO JURY WHEN NOT GROUND OF REVERSAL.—The mere fact that the charge of the court was technically faulty in defining preponderance of proof is not ground for reversing the judgment, if the jury were not misled, or if the case as a whole was fairly presented to them, and especially if their verdict is obviously correct.

2. OBJECTIONS NOT REVIEWABLE ON APPEAL.—Where the instructions were in the nature of a general charge, and the record shows that objections and exceptions thereto were not reserved before the trial court, pointing out the particular errors relied on, and the same have not been assigned for error, they will not be considered on appeal.

3. INSTRUCTION ASSUMING FACTS TO BE PROVED.—An instruction is properly refused which assumes certain facts to have been established.

4. REDUCING AMOUNT OF VERDICT AFTER DISCHARGE OF JURY.—The action of the trial court after receiving the verdict of the jury, and remarking to them that they were discharged, in causing them to amend their verdict, by reducing it to the amount claimed by the plaintiff, was not reversible error. The same action might have been taken without the jury.

5. PRACTICE ON APPEAL.—Matters not assigned for error are not available on appeal, and errors assigned but not discussed may be treated as abandoned.

*Appeal from County Court of Arapahoe County.*

Mr. ROBERT W. BONYNGE and Mr. EDWARD T. PAT-
RICK, for appellant.

RICHMOND, P. J. This was an action brought by William Skoman against the Patrick Red Sandstone Company and others to recover for the value of stone delivered by him to the defendants as per contract between them. Trial was had to a jury and verdict rendered against defendants for the sum of $230, to reverse which this appeal is prosecuted.

Several errors are assigned:

The first is addressed to the error of the court in its instructions and its failure to give instructions asked by defendants.

The contention of appellants is that the court failed to instruct the jury that the plaintiff must establish his right to recover by a preponderance of proof, and in this connection should have particularly instructed them in regard to the measurement of the stone upon which there was contradictory testimony.

We do not think that the position is well taken. The court certainly instructed the jury upon the general issues and called their attention directly to the fact that it was the duty of the plaintiff to prove his cause of action by a preponderance of evidence.

It may be true that the court's instruction was technically erroneous or faulty in this, in giving the definition of what was meant by preponderance of proof. But this of itself is not sufficient to work a reversal of the judgment if the jury were not misled, or if as a whole the case was fairly presented to them, especially if their verdict is obviously correct. *Davis v. Brown*, 67 Mo. 313.

If the objectionable part of the instruction was merely superfluous and not calculated to mislead, the judgment will not be reversed because of the giving of it. *Bowling v. Krug*, 55 Mo. 446.

And we are not prepared to admit that the language of the court was calculated to mislead the jury. While it is technically incorrect and not in strict keeping with the language of the books, we do not think it was such a departure from the rule laid down as to warrant us in saying that the jury could have failed to understand the meaning of the court. But if this were not so we would not be warranted in reversing the judgment on this ground, because the record shows that the charge of the court to the jury was a general charge, and that objections were not made nor exceptions thereto reserved before the trial court in such a manner as to be available on this review, according to the well settled

principles of the supreme court of this state. *McFetters v. Pierson*, 15 Colo. 201, and cases cited. Besides, it is not assigned as error.

The first instruction asked by the defendants relative to the measurement of the stone, the court was warranted in refusing, because the instruction assumed that certain facts had been established, and required the court to instruct upon one or more facts instead of upon the general issues as presented at the trial. *Bowling v. Krug, supra.*

The second instruction asked was practically given by the court in its general charge.

The next error assigned is that the court erred in allowing the jury to amend their verdict.

It appears from the record that the jury returned a verdict for plaintiff and against defendants for the sum of $280, and upon receipt of the verdict the court remarked: "Gentlemen of the jury, you are discharged from the further consideration of this case." That immediately thereupon the plantiff's attorney arose and stated that the verdict was in excess of his claim, and asked that the jury be allowed to retire and amend their verdict. To this the defendants' attorney objected. But nevertheless the court granted the request and stated: "That they could not find a verdict for the plaintiff for more than the amount claimed by them." Thereafter the jury returned a verdict for $230, upon which judgment was entered.

The contention of appellants is that the court, having discharged the jury from further consideration of the case, it was illegal and improper to recall them and allow them to amend their verdict.

We might for the purposes of the argument concede that this was error, but nevertheless it was a harmless error for the reason that it was within the power of the plaintiff to remit the amount of the verdict in excess of his claim, and of the court to enter judgment for the sum of $230. Indeed, that course could have been pursued by him in this court had the judgment been rendered upon the verdict for the entire

amount.  The contention of appellant is not supported by the authorities.  The verdict in this case had not been recorded, and while it is true that the court remarked that the jury were discharged, this did not deprive the court of the right of withdrawing the remark and directing the jury to return a verdict in conformity with the evidence and the claim of plaintiff.

The adjudged cases show that from a very early period the courts have freely exercised the power of amending verdicts so as to correct manifest errors both of form and substance.  Such amendments may be made from the judge's notes of the evidence or from any other evidence equally clear and satisfactory which may be submitted to the consideration of the court.  A limitation of the rule is that the amendment must in all cases be such as to make the verdict conform to the real intention of the jury.

In this case there was an honest mistake on the part of the jury, and the correction was not an impeachment of the verdict in any sense.  *Burlingame v. Central R. of Minn.*, 23 Fed. Rep. 706 ; *Dalrymple v. Williams*, 63 N. Y. 361.

It is claimed that the verdict of the jury in favor of the plaintiff and against all of the defendants was error, and that the court erred in entering judgment against all of the defendants upon the verdict of the jury.

We do not think that appellants are in a position to avail themselves of this error.  *Brahoney v. D. U. & P. R. Co.*, 14 Colo. 27.

It is not assigned as error in this court.  *Kiskadden v. Allen*, 7 Colo. 206 ; *Sellar v. Clelland*, 2 Colo. 534.

Errors of the court in admitting evidence over the objections of defendants are not discussed by appellants, and we are therefore warranted in treating them as abandoned. . We see no error in the record that warrants a reversal of the judgment.

The judgment must be affirmed.

*Affirmed.*