Bissell, J.,
delivered the opinion of the court.
In 1888, A. Bergh was an owner in certain mining claims in the Platte mining district, Park county, Colorado, called the “ Colorado No. 1 ” and “ Colorado No. 2.” A. H. Estes had some interest in these claims, but the exact extent of it is not apparent from the record. In November, Estes and Bergh made a contract with Perkins, Hart & Co., to transfer to them eleven twenty-fifths of these two properties, for which the grantees were to expend a sum not exceeding 14,000 for the development of the claims. On the 1 Ofcli, eleven twenty-fifths of the two properties were deeded to Perkins, Shreve and Hart, who composed the firm of Perkins, Hart & Co. The deed was made in partial performance of a contract of November 1st, which had been previously executed. Subsequently, Perkins, Hart & Co. and Estes and Bergh proceeded to carry out their contracts and to develop the property. According to the terms of the agreement, Estes and Bergh were charged with the duty of supervising and looking after the work, while Perkins, Hart & Co. were to furnish the necessary funds. While all these things perhaps were not specifically expressed in the agreement, whatever else was necessary to the formation of a mining copartnership to develop these claims was by parol agreed to between the parties. In other words, the parties agreed that *244 the money should be advanced from time to time b}r Perkins, Hart & Co., as might be required; that Estes and Bergh should supervise the labor, purchase the materials, and devote such time as might be necessary to render the enterprise successful. In pursuance of these arrangements the work progressed. Very considerable supplies were purchased, laborers were hired, and Perkins, Hart & Co. supplied a portion of the money provided for by their agreement. They finally ceased to advance monejq and Bergh and Estes paid a part or all of the bills which had accrued, with the exception of some labor accounts. Failing to get the money from Perkins, Hart & Co., an arrangement seems to have been made with Augustus L. Peterson, the defendant in error, to buy these various claims. The complaint avers that they were all assigned and sold to Peterson, who was the real owner, and entitled to maintain a suit if Perkins, Hart & Co. were liable for these expenditures. During the progress of the trial the contract and the deed were offered in evidence, and admitted over the objection of counsel. Proof was made of the written assignment of some of the claims, and evidence was introduced which showed that Peterson had become the purchaser of all the debts, had advanced a large portion of the purchase money, and was obligated for the balance. Counsel objected to the proof, and insisted that it was insufficient to support the recovery. The objection was overruled, and judgment was entered against the plaintiffs in error for $1,914.95.
The obligation of Perkins, Hart & Co. to pay these bills is so well established by the record that the judgment should not be disturbed unless a grave error has been committed. Their principal contention, that the court erred in admitting the contract and deed in evidence, has no foundation. It is quite true that a recovery could not be had against them on the basis of either of those documents. This conclusion does not determine them to be inadmissible as elements of proof. According to the record, the parties became mining copartners for the purposes of developing the mining claims *245 which were- the subject-matter of the contracts. "It is unimportant that that partnership was limited, either in time, in extent, or in its purposes. The copartnership relation was formed, and existed while the work .was being done, and when the bills were contracted for labor and supplies. Since this is true, it follows as an unavoidable legal conclusion that Perkins, Hart & Co. are legally bound for the debts legitimately contracted by the concern during the time that the copartnership relation continued. The proof demonstrated that all the bills for which the action was brought were incurred during that time, and contracted by members of the firm, who were authorized by the agreement among themselves to incur the obligations. Under these circumstances it is impossible for Perkins, Hart & Co. to avoid their liability. It is of no avail as an objection that the agreement and the deed were contracts inter partes, and that they had nothing to do with the debts involved in the suit. Regardless of the individuals who might be bound by these instruments, it must be true that they would be very important instruments of evidence to determine the relation existing between these four parties, and whether, under all the circumstances, they should be held as copartners in a common enterprise. The evidence was competent for that purpose, and tendered to support a necessary issue in the case, and was properly admitted and construed by the court.
It is somewhat more difficult to dispose of the objection that the plaintiff failed to establish the assignment which he had alleged in his complaint. This might possibly have been a fatal objection, but for the peculiar character of the averment concerning the transfer. The pleader alleged a sale of the various claims to the plaintiff, but did not aver whether they were transferred by an instrument in writing or by parol. No available objection was taken to the pleading in that form, and the inquiry is thus narrowed to the very simple one whether a transfer in writing is essential in order to entitle a plaintiff to recover when he has in reality become the purchaser of the - outstanding obligations of a *246 third person. It was clearly shown by proof that Peterson had bought all these claims, paid a large portion of the purchase price, and become obligated to pay a definite and fixed sum therefor. Under these circumstances, it may well be held that he thereby became the owner, and was therefore entitled to maintain the action without the presence of his assignor. It is quite possible that, if the transfer had been simply for the purposes of collection, his title could not have been maintained; but since he was the owner by actual purchase there is no .legal obstacle to his recovery. It simply casts, upon the defendants the duty of taking the proper steps to secure the presence of the other parties, if they deem it necessary for their protection. These are the only two errors which are argued by counsel in their brief, and consequently are the only ones considered by the court, or passed upon in this opinion. Since they do not compel the reversal of the judgment, it will be affirmed.

Affirmed.