GUTSHALL, APPELLANT, v. CRAWFORD ET AL., APPELLEES.

MEASURE OF DAMAGES.

If a defendant seeking to recoup or recover damages alleged to have been occasioned by the breach of a special contract, fails to prove the existence of the contract, the rulings of the trial court relating to the measure of his damages in case of such breach are not material to be considered on appeal.

*Appeal from the District Court of Lake County.*

ACTION for logs sold and delivered. Finding and judgment for plaintiffs. Defendant appeals.

Mr. A. W. STONE, for appellant.

Mr. W. H. BRYANT and Mr. HARRY LEE, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The claims of the parties, as set forth in their pleadings respectively, are in substance as follows:

Plaintiffs claimed that they delivered to defendant at his mill in Summit county, Colorado, 53,804 feet of logs, at the contract price of $5.75 per thousand; that they paid an order for defendant for the further sum of $50.00; and that they have received as payment from defendant on account thereof the sum of $156.59. Plaintiffs also claimed the further sum of $9.00 for wood sold and delivered to defendant at his request. Total amount of plaintiffs' claim, $211.78.

Defendant denies the contract as claimed by plaintiffs; denies the delivery to him of the wood; and alleges as a counterclaim that a special contract was entered into between himself and plaintiffs whereby they agreed to deliver to him at his mill 500,000 feet of logs at $5.75 per thousand, and to deliver 10,000 feet per day until the whole amount should be delivered; payment of 75 per cent of the amount due under the contract to be made on the 10th day of each month, and the remaining 25 per cent upon the completion of the contract; that defendant kept and performed the contract on his part; but that plaintiffs failed to deliver any more logs than the amount stated in their complaint; and that defendant was damaged by reason of plaintiffs' breach of said special contract in the sum of $1,000.

Plaintiffs in reply deny that they entered into the special contract with defendant as pleaded in his answer.

By consent of parties the cause was tried by the court without a jury, and a number of witnesses were examined

orally. There was much conflict in the testimony in respect to the existence or non existence of the alleged special contract pleaded by defendant. The evidence in behalf of defendant tended to show that the special contract, substantially as pleaded by him, had been reduced to writing, that plaintiffs had agreed to its terms, and had agreed to sign it. No special contract was signed by either of the plaintiffs; the evidence in their behalf was to the effect that they never had agreed to sign it, and never had agreed to its terms. The testimony in behalf of the opposing parties was, also, conflicting as to the sale and delivery of the wood sued for.

The finding of the court was as follows:

" The court having heard all the evidence adduced and the arguments of counsel thereon, duly considered the same, and being well advised in the premises, now finds for said plaintiffs, and that said defendant is justly indebted to plaintiffs in the sum of two hundred and two dollars and seventy-eight cents ($202.78)."

From the finding it is obvious that the trial court considered that plaintiffs had failed to establish their claim for the wood, and that defendant had also failed to establish the existence of the special contract affirmatively pleaded in his answer. This appears from the fact that the finding was for the exact amount of plaintiffs' claim, less the amount claimed for the wood. In arriving at these conclusions it does not appear that any substantial error was committed; and the finding is sufficiently supported by the evidence to forbid any interference therewith by an appellate court.

Upon the trial important questions were raised respecting the measure of defendant's damages in case of a breach of the special contract as pleaded by him. The rulings of the court upon such questions are assigned for error, and the same have been ably argued by appellant's counsel. But it having been determined as a fact that the parties did not enter into such special contract, the rulings of the trial court relating to such measure of damages are not material to be considered on this appeal. Without the special contract,

there could be no breach thereof, and hence no damages. *Openheimer v. D. & R. G. Ry. Co.*, 9 Colo. 320.

The judgment of the district court must be affirmed.

*Affirmed.*

Mr. Justice Goddard having tried this cause at *nisi prius*, did not participate in the decision in this court.