Thomson, J.
The appellee brought suit against the appellants before a justice of the peace, to recover an amount which he claimed to be due him for wort and labor. The defendants moved to dismiss the case for the reason that the action was brought in a justice’s precinct outside of that in which they resided, and outside of that in which the demand was payable if it had any existence, or was payable at all. The motion was denied, and judgment rendered for the plaintiff. The defendants appealed to the county court, where the motion to dismiss was again presented, and again overruled. The cause then went to trial upon its facts; the plaintiff introduced his evidence, the defendants cross-examined his witnesses, and when he rested introduced evidence in support of their defense. The verdict and judgment were for the plaintiff, and the defendants appealed to this court.
The defendants say that the denial of the motion to dismiss was error. The justice had jurisdiction of the subject- *320 matter of the action, and, by virtue of the appeal, the county court had the same jurisdiction. If the statements of the motion were true, the justice did not have jurisdiction of the persons of the defendants, and, without a waiver by them of the want of jurisdiction, the county court had none. Jurisdiction of the subject-matter cannot be conferred by consent, but jurisdiction of the person can; and where a defendant, either without objection, or after objection has been overruled, enters a full appearance to the action, he is bound by the judgment if the court had jurisdiction of the subject-matter. The defendants did not rely upon their motion, but contested the case vigorously upon the facts, and were beaten. By so doing they lost the right to insist upon their motion.
There was a conflict between the witnesses, but there was evidence from which the jury might find as they did; and if they were properly instructed, their verdict will not be disturbed. The first instruction complained of is this: “You are instructed that under the testimony in this case and under the law of this state, the defendants, C. C. Lyman, George Lyman and Joseph Lyman and B. J. Fuller were partners; that is, they were engaged in a partnership enterprise of the developing of a mine, and they had formed what under the law in this state is a mining partnership, and each member of the partnership was authorized to employ work and labor upon the property of the defendants, and within the line and scope of the partnership business.” The defendant, Joseph Lyman, testified that himself, and the defendants, George Lyman and B. J. Fuller, sent the defendant, C. C. Lyman, up to the mine to develop it, and do the assessment work; that if anything was developed, C. C. Lyman was to have a quarter interest; that the other defendants were to furnish the money, and have each a quarter; and that the intention was to work the mine as long as they could afford to do so. There was no evidence in conflict with this. From these statements it appears that the defendants were jointly engaged in working a mine; that three of them agreed to contribute the money, and the other his services, and that they were to share equally *321 in the result, if there was any result. This agreement shows a mining partnership; and, the facts being undisputed, it was not error to instruct the jury that, as a matter of law, the defendants were mining partners. Perkins v. Peterson, 2 Colo. App. 242.
The next objection is to this instruction : “ And if you believe from the evidence that C. C. Lyman, or either of the other defendants, employed the plaintiff to work and labor upon the mine owned by the defendants for the sum of two dollars per day, and that the said plaintiff did work and labor upon the mine of the defendants for a certain number of days, and that he has not been paid for his services, then you should render a verdict for the plaintiff in such sum as you find from the evidence he is entitled to, computing the amount at the rate of two dollars per day for the number of days he was actually employed, less any credit which he may have received on account of his work and labor.” There was evidence that the plaintiff was employed by C. C. Lyman to work upon the defendants’ mine at $2.00 per day, and that he performed work upon the mine for the number of days allowed by the jury; and as the defendants were mining partners, and as C. C. Lyman was one of them, the instruction was a correct presentation of the law.
C. C. Lyman testified that after the work had progressed for some time, he informed the plaintiff that he could not hire him any longer at $2.00 per day, but that if he (plaintiff) had a mind to work on, and take the chance, he might do so at $8.50 per day payable out of the first mineral produced by the mine; and that the plaintiff accepted the proposition. With reference to this testimony the court gave the jury the following instruction: “ You are instructed that the burden of establishing such contract is upon the defendants, and if you believe from the evidence by a preponderance thereof that such was the contract you are to find for the defendants.” It is objected to this instruction that it imposed upon the defendants the burden of establishing the new contract. The plaintiff having been hired for an indefi *322 nite time at $2.00 per day, payable in cash, that the hiring was terminated by another and different agreement, pertained to the defense; and for the purpose of establishing affirmative facts, which, if shown, would overthrow the claim of the plaintiff, the burden is always upon the defendant. We see nothing wrong in this instruction.
The defendants also complain of the refusal of an instruction asked by them. We can conceive of a case where such an instruction would have been proper, but this one did not fit the evidence here, and its refusal was not error.
The judgment is affirmed.

Affirmed.

Bissell, P. J., not sitting.