Maxwell, J.
On May 7, 1898, the minor child of the appellants, aged five years, was hilled on Twenty-second street between Champa and Cnrtis streets in the city of Denver by being run over by a motor car and trailer, at that time operated by the agents and employees. of the appellee.
It is alleged in the complaint that the accident which caused the death of the child was without fault on the part of the minor, and “by reason of the culpable negligence of the- defendant and that of its agents and employees.” The answer denies all the allegations of the complaint except the incorporation of the appellee, and affirmatively alleges contributory negligence upon the part of the parents (appellants) in permitting the child to run at large upon the streets without a protector. A replication put in issue the question of contributory negligence. The cause was tried to a jury which returned a verdict for the defendant. Motion for new trial was overruled; judgment on the verdict in favor of the defendant. Plaintiffs appeal.
The testimony adduced at the trial shows that immediately preceding and at the time of the acci *482 dent the child that was killed was playing with other children on Twenty-second street between Champa and Cnrtis streets; that the motor car was running down Twenty-second street towards the scene of the accident; that above the intersection of .Twenty-second and Champa streets the car was brought to a halt, or “just simply moving.” That about the center of Champa street the motorman saw the children playing on the sidewalk and in the street, together with the child that was killed; that the child that was killed “was running back and forth towards the track and back to the sidewalk;” that the child came to about seven feet from the car and about five feet from the track, when the gong was sounded vigorously and the motorman made an outcry to attract the attention of the child; that thereupon the child made a start to go toward the sidewalk, and then wheeled immediately in front of the dashboard, was knocked down, run over by the motor car, and the dead body was removed from under the front end of the trailer. That the motorman as soon as he saw the child wheel towards the track applied the brakes, reversed the car, put the current in the opposite direction, and did everything within his power to avoid the accident; that from the time the car crossed Champa street until it reached the point where the accident occurred it was running at the rate of five or six miles an hour.
There is some discrepancy in the testimony of the witnesses as to the rate of speed at which the car was running at and before the time the accident occurred. An examination of all the testimony leads to the conclusion that the car was not being run at a dangerous rate of speed.
Twenty-one errors are assigned, but as counsel does not think it necessary to discuss all of them in his brief or upon oral argument, we shall limit our *483 consideration of the errors assigned to those discussed by counsel, treating the others as having been abandoned. — Patrick Red Sandstone Co. v. Skoman, 1 Colo. App. 323; Perkins v. Peterson, 2 Colo. App. 242; Schmidt v. First National Bank, 10 Colo. App. 261.
“Was the verdict of the jury contrary to the evidence?” is the question asked by counsel for appellants in his printed brief, discussed by him with great ingenuity and ability through more than half of his brief, and very strenuously upon the oral argument, and finally passed up to this court for decision. This question is based upon the second assignment of error — “The verdict of the jury is contrary to the evidence.” This question was answered adversely to the appellants by the verdict of the jury, and the refusal of the trial court to grant a motion for a new trial; and on the authority of numerous decisions of this court and from a careful examination of the evidence, we do not feel justified in interfering with the verdict unless it shall appear from the record that serious legal error occurred upon the trial, either in the admission or rejection of evidence, or in the instructions given by the court to the jury as to the law of the case.
Error is assigned upon the refusal of the court to allow a witness to answer the following question:
“There was no fender like they have now?”
This witness was allowed to fully and particularly describe the construction. and condition of the car, and especially the front end of the motor car. There was nothing in the testimony of this witness, or any other witness, tending to prove that the car was not properly equipped or that other appliances than those in use were better or safer, or that any law or ordinance required the use of a fender at the time of the accident; and we conclude that there was *484 no error in refusing to allow the witness to answer the question, for the reason that the question assumed that the “big fender like they have now” was an appliance which might or would have rendered the accident improbable or impossible, or was such an appliance as was required by law or ordinance at the time the accident occurred; or that the car was not properly equipped with efficient appliances for the prevention of accidents.
In Hogan v. Citizens’ Railway Co., 150 Mo. 36, 51 S. W. Rep. 473, it is held:
“No claim is made here that there was any law of the state or any ordinance of the city which made it the duty of the defendant to place fenders on its cars. The obligation to do so, therefore, must be found in the common law if there is any such obligation resting upon defendant. It is not claimed that the common law expressly imposed any such obligation, but it is claimed that ‘ defective appliances or no appliances at all or insufficient appliance is a question of negligence for the jury.’ The obligation of the common law is that the defendant shall exercise ordinary care to prevent injury to the public. No particular kind of appliance is required to be used. It is only necessary that the defendant should have used such means to prevent injury to the public as a man of ordinary prudence would have used under the same circumstances. To predicate a charge of negligence upon a failure to use any particular kind of appliance is insufficient, especially in the absence of any averment that the appliances and means employed by defendant were not reasonably safe. * * * So with respect to its common-law duty to the public, it is not whether there are known appliances which the defendant did not use, but whether the appliances it does use are such as a person of ordinary prudence would have used, which determines the *485 question of its negligence. There was therefore no error in the ruling of the court sustaining the motion to strike out this allegation in the petition. ’ ’
It is also contended that the court erred in refusing to give an instruction which after reciting some immaterial matters, contained the following language:
“If the jury believe from the evidence that the defendant has been negligent in'not providing the car which ran over the son of the plaintiffs with suitable contrivances or contrivances for avoiding accidents of this kind * * * they will find the defendant guilty of negligence and liable to the plaintiffs in damages. ’ ’
The refusal to give this instruction was proper, as the record fails to disclose any testimony whatever upon which the instruction asked could have been predicated. — Ins. Co. v. Allis Co., 11 Colo. App. 264; Fisk v. Electric Light Co., 3 Colo. App. 319.
And again, the liability of the defendant in this case must be determined by the character of the appliance or appliances in use at the time of the accident, without regard to what was done subsequently in adding other appliances, in compliance with an ordinance of the city, or for any other reason. — Colorado Electric Co. v. Lubbers, 11 Colo. 505; D. & R. G. R. R. Co. v. Morton, 3 Colo. App. 155.
Error is assigned upon the giving of an instruction containing the following language:
‘ ‘ The amount of your finding must be limited to the value of the services of the deceased son of plaintiffs from the time of his death until he would have attained the age of twenty-one years; less what it would be worth to feed, clothe, educate and care for him in a manner proper to his station in life,” and also upon the giving and refusing of other instructions as to the measure of damages. As the jury *486 found for the defendant these errors, .if errors they were, cannot have wrought any prejudice to the plaintiffs. The verdict is a finding of the issues in favor of the defendant. This means all the issues. In other words, there was no occasion for the jury to consider the measure of damages. We do not agree with counsel for appellants, who contends that under the above quoted instruction the jury could not have found any verdict for the plaintiffs. Generally speaking, it is immaterial whether an instruction which goes simply to the amount of the damages to be recovered is good or bad if the jury, upon proper instructions as to the question of negligence, the main issue, find against the plaintiff. The error complained of was not such an error as would have changed the result of the trial.
“The objections taken to the instructions of the court need not be considered. That portion of the charge to which they are taken concerns the measure of damages, and was for the guidance of the jury only in case they should find that the plaintiff was entitled to recover. The jury háving found upon the main issue that the plaintiff * ' * * was not entitled to recover, that portion of the charge objected to had no use or office to fulfill.” — Oppenheimer v. D. & R. G. R. R. Co., 9 Colo. 320.
Numerous authorities might be cited in support of the above proposition, but we do not deem it necessary. We express no opinion as to the correctness of the above quoted instruction as an abstract proposition or principle of law. ■
Other errors are assigned by counsel upon the giving or refusing of instructions as to the degree of care required of the defendant in the operation of its. cars upon the streets of the city, but as they are not discussed by counsel we treat them as abandoned.
*487 There is no sneh error in the record as- to justify ■a reversal, and the judgment is therefore affirmed.
Affirmed. ■