# September Term, 1906.

[No. 5180.]

[No. 2784 C. A.]

BRAISTED V. THE PEOPLE.

1. **Appellate Practice — Cities and Towns — Violation of Ordi-
   nance—Change of Venue—Waiver.**

   A defendant, charged with the violation of a municipal ordi-
   nance in the police magistrate's court, filed a motion for a change
   of venue upon the ground that he could not have a fair and im-
   partial trial, which was overruled, and he proceeded to trial and
   was convicted. Held, that such court had jurisdiction of the sub-
   ject-matter, and the defendant, by going to trial upon the merits
   after his objection to the jurisdiction was overruled, waived such
   objection and submitted himself to the jurisdiction of the court.
   —P. 51.

2. **Cities and Towns—Violation of Ordinance—Intoxicating
   Liquors—Sufficiency of Complaint.**

   A complaint which charges that the defendant violated a
   certain section of a town ordinance, approved on a date specified,
   by selling intoxicating liquors on a given day, he not being a
   druggist or pharmacist lawfully permitted so to do, nor having
   a license from the town, sufficiently states the offense in accord-
   ance with Mills' Ann. Stats., § 4436, providing that in suits of
   this character it shall be sufficient to state in the complaint the
   number of the section and the title of the ordinance violated,
   together with the date of its passage; and it is not necessary
   to state any specific or definite offense, or the name or names
   of the parties to whom the liquor was sold, or that the de-
   fendant did not have a permit to sell as a druggist or phar-
   macist.—P. 51.

3. **Same.**

   A complaint which charges that defendant violated a speci-
   fied section of a town ordinance, approved on a given date, is
   sufficient without setting out therein that another section of the
   ordinance had been amended, as the ordinance was sufficiently
   described by giving the date of its original passage and approval.
   —P. 52.

4                                    (49)

4.  Cities and Towns—Violation of Ordinance—Intoxicating
       Liquors.

    A municipal ordinance prohibiting the sale of intoxicating
liquors by a druggist or pharmacist without a permit so to do,
prohibits a druggist without such permit, although a physician,
from selling such liquor to one representing that he wants it for
medicinal purposes.—P. 53.

5.  Cities and Towns—Violations of Ordinances—Appeals to the
       County Court—Punishment Permissible.

    Where a defendant was convicted by the police magistrate
of violating a town ordinance, and gave an appeal bond to the
county court conditioned to pay the judgment and costs, the
county court is authorized under Mills' Ann. Stats., § 4435, upon
a conviction, to render a judgment that the defendant be fined in
a definite amount and costs, and that, in default of payment, he
be confined in the town jail and to labor on the streets of said
town at the rate of three dollars a day until the fine and costs
are fully paid.—P. 53.

*Appeal from the County Court of Delta County.*
*Hon. Milton R. Welch, Judge.*

Horace K. Braisted was convicted of a violation
of a municipal ordinance, and he appeals.

*Affirmed.*

Mr. R. M. LOGAN, for appellant.

Mr. A. R. KING and Mr. MILLARD FAIRLAMB, for
the people.

Mr. JUSTICE STEELE delivered the opinion of the
court:

The defendant filed a motion for change of venue
in the police magistrate's court, alleging that he be-
lieved he could not have a fair and impartial trial.
This motion was overruled. He also filed a motion
to require the plaintiff to make its complaint more
specific. This motion was also overruled. From a
judgment of conviction the defendant appealed to the
county court; docketed his case; and then, appearing
specially, moved the court to dismiss the case upon

the grounds that the court had no jurisdiction because he had filed a motion for change of venue in the police magistrate's court, and that the court had no jurisdiction except to send the papers in the cause to another tribunal. This motion was overruled. Defendant then moved to quash the complaint upon various grounds which will be mentioned in the course of the opinion. This motion was also overruled. The trial, in which the defendant participated, resulting in a finding and judgment against him, the defendant appealed to the court of appeals. We shall not determine whether section 2663, Mills' Ann. Stats., is or is not applicable to proceedings before a police magistrate. The police magistrate's court had jurisdiction of the subject-matter, and the defendant, by going to trial upon the merits after his objection to the jurisdiction was overruled, waived his objection and submitted himself to the jurisdiction of the court. —*Lyman v. Schwartz*, 13 Colo. App. 318.

The defendant's motion to quash the complaint was, we think, properly overruled. The first ground of the motion is that the complaint is indefinite, in that it fails to state any specific or definite act or offense, and fails to state the name or names of the parties to whom liquor is alleged to have been sold, and fails to state the fact that the defendant did not, at the time of the alleged sale, have a permit to sell as a druggist or pharmacist. The complaint charged that the defendant violated section one of the ordinance passed and approved May 8, A. D. 1899, in that, on or about March 12, 1902, he did sell, barter, exchange and gave away certain vinous, spirituous, malt, mixed and intoxicating liquors within the corporate limits of the town of Delta, he not being a druggist or pharmacist lawfully permitted so to do, not having a license from the town. The statute, 4436 Mills' Ann. Stats., provides that in suits of this

character it shall be sufficient to state in the complaint the number of the section and title of the ordinance violated, together with the date of its passage. This statute was under consideration by this court, where the precise question urged by the defendant was passed upon and decided adversely to the defendant in the case *City of Durango v. Reinsberg,* 16 Colo. 327. The ordinance of the town of Delta passed and approved May 8, 1899, was offered in evidence. Section seven of the ordinance was amended April 18, A. D. 1901, before this action was begun. Counsel objected to the introduction in evidence of the ordinance of 1899, because it appeared that section seven thereof had been amended and repealed prior to the commencement of the action. Counsel for the town then offered the ordinance of April 18th, 1901, amending section seven of the original ordinance. This was received in evidence for the purpose only of showing the amendment to the ordinance of May, 1899.

It was held in *Callahan v. Jennings,* 16 Colo. 471, that:

"A statute can only be constitutionally amended by re-enacting and publishing at length the portions affected by the amendment. When thus amended, no repeal of the portions retained has taken place. The original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect."

As the defendant was not charged with the violation of section seven of the ordinance, but of section one thereof, it was not necessary for the plaintiff to set out in the complaint the fact that the section had been amended; and the complaint sufficiently described the ordinance violated when it gave the correct date of its passage and approval. The court

found that the defendant sold whisky to persons who represented that they wanted it for medicinal purposes. He further found "that there was not sufficient evidence that said whisky was sold as a beverage." Counsel for defendant seems to believe that a druggist, if he is also a physician, may sell whisky to anyone who represents that he purposes using it as a medicine; but if he does so believe he has mistaken the purpose of the ordinance. The purpose was to prevent the disposal of vinous, spirituous or malt liquors by persons who had not obtained a license or a permit authorizing them to do so.—*Chipman v. People,* 24 Colo. 520.

The judgment of the county court was that the defendant be fined in the sum of one hundred dollars and costs, and that in default of payment he be confined in the town jail and to labor on the streets of said town at the rate of three dollars a day until the fine and costs were fully paid. This, inasmuch as the defendant has given an appeal bond conditioned to pay the judgment and costs of the police magistrate, is alleged to be error, counsel contending that there is no authority for such judgment by the county court in cases appealed from the police magistrate. The statute, 4435 Mills' Ann. Stats., authorizing the court or magistrate to render such a judgment, and the court of appeals, in the case of *Saner v. People,* 13 Colo. App. 317, has held that such judgment may be rendered by the county court.

Perceiving no error in the record, the judgment is affirmed.                                  *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.