No. 12,617.

BARKHAUSEN v. BULKLEY.
(11 P. [2d] 220)

Decided April 25, 1932.

Messrs. MELVILLE, MELVILLE & TEMPLE, Mr. CLEE E. HICKMAN, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, Mr. J. CHURCHILL OWEN, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by plaintiff Barkhausen against defendant Bulkley to recover damages which she says she sustained as the result of the alleged conversion by the defendant of certain shares of stock which belonged to her. In substance, the amended complaint alleges that at certain designated times the plaintiff purchased from defendant 142 shares of the common capital stock of the Cities Service Company, the purchase price of which was to be paid by plaintiff in installments of $50 per month with interest; that certificates of stock representing this purchase of stock were issued in her name and delivered to her, whereupon she deposited them with the defendant as collateral security for the payment of the purchase price of the stock, upon condition that if she failed to make the payments as provided, defendant might sell or buy the pledged shares at public or private sale without notice; that thereafter, and after plaintiff had made several installment and interest payments the defendant, without her consent, converted these shares of stock to his own use and has refused to account for the same. Plaintiff prays damages for the market value of the stock and interest on the same. Defendant's general demurrer to this amended complaint was sustained by the trial court and as plaintiff elected to stand thereby, the court dismissed the action.

In their opening brief plaintiff's counsel improperly assume that the amended complaint states a certain cause of action; but, if so, such a case is not set forth in that pleading. In plaintiff's argument the cause of action relied upon is predicated upon a case not made by their amended complaint. But were this not true, unless we set aside repeated decisions of this court, on which the trial court based its dismissal of the action of plaintiff, the plaintiff is not entitled to any relief on this review. The action as pleaded in the amended complaint is one for alleged wrongful conversion of plaintiff's capital stock. This pleading itself, in substance, alleges that plaintiff's stock certificates, representing capital stock of

Cities Service Company, were properly in the possession of the defendant at the time of the alleged conversion and had been delivered to him by the plaintiff as collateral security for the payment of her indebtedness to him as part of the purchase price. Otherwise stated, in legal effect, the amended complaint says that the defendant at the time of the alleged conversion was lawfully in possession of plaintiff's certificates of stock.

There is no allegation in this pleading that before this action was instituted a demand was made on the defendant for the delivery of the stock or that defendant refused to comply with the demand. The amended complaint specifically alleges that plaintiff was indebted to the defendant at the time of the alleged conversion in the sum of more than $4,000. It contains no averment that the stock at the time of the alleged conversion was equal to or greater than the amount of that debt. Otherwise stated, plaintiff has failed to allege facts showing that she was injured, even in a nominal sum by the alleged conversion. The complaint, therefore, was subject to a general demurrer and there was no request made by the plaintiff further to amend her pleading after the court sustained defendant's demurrer thereto based upon insufficient facts.

Furthermore, the plaintiff has not in her amended complaint alleged the market value of the stock at the time of the alleged conversion. To the contrary, her contention is that the proper measure of damages is not the value of the stock at the time and place of conversion, but its market value within some reasonable time thereafter. The rule relied upon by plaintiff is one which prevails in the state of New York as established in the case of *Mullen v. Quinlan & Co.,* 195 N. Y. 109, 87 N. E. 1078. This rule was followed in *Galigher v. Jones,* 129 U. S. 193, 9 Sup. Ct. 335. This court, however, in a series of cases beginning with *Sutton v. Dana,* 15 Colo. 98, 100, 25 Pac. 90, decided in 1890, followed by *Sylvester v. Craig,* 18 Colo. 44, 31 Pac. 387, *Hallack L. & M. Co. v. Gray,* 19

Colo. 149, 34 Pac. 1000, *Continental Divide M. & I. Co. v. Bliley*, 23 Colo. 160, 46 Pac. 633, and *Grimes v. Barndollar*, 58 Colo. 421, 148 Pac. 256, has decided that the rule of damages in such cases as the one now before us, is the market value of the property converted on the day of the conversion. Our decisions in the Grimes and Bliley cases were made after the decisions in the New York and the federal tribunals were announced and we then declined to follow them. The doctrine is thoroughly settled in this state that in an action in the nature of trover, the rule of market value on the day of conversion controls. This rule is also the law in Massachusetts, *Parks v. Boston*, 15 Pick. (32 Mass.) 198; also in Maryland, Delaware, Iowa, Wisconsin, Nevada, Ohio and most of the other states of the Union. Such being our view of the controlling questions in the case, it is unnecessary further to discuss or to pass upon any other of the alleged errors committed by the trial court. In no event is plaintiff entitled to any relief upon the facts stated in her amended complaint. Whether a recovery could be had upon some other theory we are not called upon to determine. Our decision is based on the case as made on the amended complaint.

The judgment, being in accordance with the settled doctrine in this state, is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE ALTER and MR. JUSTICE HILLIARD concur.