No. 17,339.

HICE *v.* PULLUM.
(275 P. [2d] 193)

Decided October 18, 1954.

Mr. JOHN R. WALL, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THERE is no competent evidence to support the judgment in this case, therefore it must be reversed, which necessitates a brief opinion. There is no appearance by defendant in error.

Defendant in error, to whom we will refer as plaintiff, is the owner of an apartment house in which she lived on the lower floor, and plaintiff in error, hereinafter designated as defendant, lived in an apartment on the upper floor, together with her two children, one of whom was a boy about three and one-half years old at the time of the incident for which plaintiff sought and recovered damages.

The upper floor of the apartment house was divided into two apartments and an extra bedroom, all with a community bathroom. The other apartment was occupied by a married couple. The evidence discloses that on the day of the incident of which complaint is made, a sister of this married tenant with her boy friend were in their apartment and had access to the bathroom. It also is shown that there was a stairway leading up from the street, and that the door thereto was always unlocked, through which any passerby could have had access to the bathroom.

On a Sunday in the latter part of January, 1951, the water in the bathroom had been left running until it flooded the floor in the hallway and damaged the owner's apartment on the first floor. Plaintiff, the owner, was not in the State of Colorado on the date the damage was done; did not return until sometime thereafter; and had no personal knowledge of the incident; however, she was permitted to testify at length as to the nature of the damage and cost of the repairs thereof, and her testimony was designed as an accusation against defendant's little boy, who, in the past, had been seen in the bathroom playing with the water faucets. The wife of the other tenant testified to the same general effect, but could not state that on the day of the accident, any

member of defendant's family was seen in or near the bathroom. It was established by the testimony of defendant and a friend of the family, that on this particular Sunday, she, with her two children and this friend, left the city about seven o'clock in the morning and did not return until late in the evening and it was disclosed that the damage, of which complaint is made, occurred about three o'clock in the afternoon.

The present action was originally instituted in a justice of the peace court, before a justice who disqualified himself; changed the venue to another justice of the peace within the county; and the matter was set for hearing for April 13, 1953 when defendant appeared, and there was no appearance by plaintiff or her attorney. The action was dismissed and plaintiff appealed the cause to the county court where a trial de novo was had and a judgment in plaintiff's favor entered against defendant in the sum of $159.48, which had no basis on any competent evidence whatsoever.

In face of the record, which discloses that a number of other people had access to the bathroom, as well as outsiders from the street, and in which there is not a word of testimony connecting the incident to the little boy or any member of defendant's family, defendant's motion to dismiss the action should have been sustained. In an effort to fix liability on someone, the finger of accusation was pointed toward defendant's little boy as the likely villain with this erroneous result.

■ ■ We will not discuss the question of non-liability of defendant based upon her parenthood alone, since the great weight of authority is to the effect that parenthood alone is not the determining factor, but the incident must be coupled with an agency of the parent or that the parent acquiesced in the perpetration of the tort or incident, or that the parent was negligent in exercising jurisdiction over the child who had dangerous and mischievous tendencies. There is not a scintilla of evi-

dence in this case to establish any of these conditions, and in the absence of any competent evidence to the effect that the child of defendant committed the tort of which complaint is made, the judgment is revered and the cause remanded with directions to set aside the judgment and dismiss the action.