PERCY F. EASLER *vs.* DOWNIE AMUSEMENT CO., INC.

JASPER M. EASLER, Pro Ami *vs.* SAME.

Somerset.    Opinion July 3, 1926.

*Liability cannot attach to a corporation exhibiting a circus for an injury to a patron resulting from an indulgement by the employees in a game of ball on the circus grounds while off duty and outside of the hours of their employment, under the doctrine of respondent superior, but it may attach under the doctrine that it is the duty of the invitor to the invitee to see that the premises occupied by him are in a reasonably safe condition, and that they are kept so to prevent jeopardizing the safety of his invitees.*

In the instant case the plaintiff, Jasper M. Easler, was present on the circus grounds by the invitation of the defendant, and was within its invitation at the time and in the place he was injured.  Hence the defendant owed him the duty, as one of the public invited to its public exhibition, of using reasonable care, not only to see that the premises which it occupied were in a reasonably safe condition, but also that they were kept so.

It had an active duty to use reasonable care to prevent games or sports which jeopardized the safety of its invitees, or if the same were permitted to see to it that due precautions were taken.

Ignorance of the game and attendant circumstances is not a defense.  If the officers of the defendant corporation were unaware of the game and the dangers arising from it, their ignorance was negligent ignorance which in law is equivalent to actual knowledge.

The plaintiff, Jasper M. Easler, was of record twelve years of age, and of the usual intelligence of children of his age.  He was bound, therefore, to use only that degree of care which ordinarily prudent children of that age and like intelligence are accustomed to use under like circumstances.

On motions for new trial by defendant.    Two actions on the case, tried together, one by Jasper M. Easler, a minor, to recover damages for personal injuries, and the other by his father to recover for disbursements for the minor.    A verdict of $527.16 was rendered in the

minor case and one for $107.08 rendered in the other case, and defendant file a motion for a new trial in each case.   Motion in each case overruled.

The cases fully appear in the opinion.

*Gower & Shumway,* for plaintiffs.

*Fred F. Lawrence,* for defendant.

SITTING:   WILSON, C. J., DUNN, MORRILL, STURGIS, BASSETT, JJ.

STURGIS, J.   The defendant corporation exhibited its circus, known as the Walter L. Mains Circus, at Skowhegan, July 11, 1924. Just before the evening performance, while the plaintiff, Jasper M. Easler, was watching a ball game played by some of the circus employees, his right arm was broken by a stake which slipped from one of the players' hands.   These actions, brought by Jasper M. Easler by his next friend to recover for his injuries, and by Percy F. Easler, his father, to recover for expenses incurred, are before this court on general motions.

The circus grounds were leased of a local owner; and there is abundant evidence to justify the conclusion that the injured plaintiff and some of the players, including the one who was using the stake which hit the plaintiff, were within the leasehold limits.

The players were chiefly colored cookhouse employees who had finished their day's work and were off duty.   The ball game was not a scheduled attraction, but recreation indulged in outside of the hours of the players' employment.   Liability, therefore, cannot attach to this defendant under the doctrine of respondeat superior. *Harrington* v. *Border City Manufacturing Co.,* 240 Mass., 170; *Karahleos* v. *Dillingham,* 119 Maine, 165; *Maddox* v. *Brown,* 71 Maine, 432.

The duties and responsibilities of the proprietors of a public exhibition, however, are measured by a different rule.   The defendant having invited the public to its circus grounds was chargeable with the duty of using reasonable care, not only to see that the premises which it occupied were in a reasonably safe condition, but also that they were kept so; and if games and sports of a character to jeopardize the safety of those who were present at the defendant's invitation were permitted, the duty rested upon the latter to take due precaution to guard against injury to the spectators.   *Thornton* v. *Agricultural Society,* 97 Maine, 108; *Graffam* v. *Saco Grange*

*Patrons of Husbandry,* 112 Maine, 508; *Hoyt* v. *Fair Association,* 121 Maine, 461.   Its duty was not merely a passive one of refraining from authorizing such games and sports.   It had an active duty to use reasonable care to prevent the same, or see to it that due precautions were taken.   *Higgins* v. *Agricultural Society,* 100 Maine, 565; *Lusk* v. *Peck,* 116 N. Y. S., 1051.

The plaintiff, Jasper M. Easler, came to the circus grounds early in the afternoon, visited the side shows, bought peanuts, watched the watering of the elephants and camels, and while waiting for his parents' arrival for supper on the grounds and attendance at the evening performance, boy-like moved about as curiosity directed, and the things which interest the average boy attracted and allured him.   It is not alone the performance in the big tent, nor the side shows of the midway, which interest and allure the patrons of the circus.   Adults as well as children view with interest the machinery, equipment, and operation of the circus outside the tents, and to them all this is part of the exhibition.   It is "all things to all men." This is common knowledge to all men, and born of recollection to most of us.   We are of opinion that the management of this circus must be presumed to share in this knowledge, and, except as they bar the public from particular parts of the grounds or prohibit entrance thereon outside of stated hours, to have intended to include within their general invitation to the public access and view of all parts of the circus grounds between shows, as well as during the regular performances.   The evidence justifies such a finding by the jury, and brings the plaintiff within the rule of invitee laid down in *Sweeny* v. *Old Colony & Newport Ry. Co.,* 10 Allen, 368, approved and adopted in *Hoyt* v. *Fair Association,* supra.

Was the duty owed to this boy plaintiff violated by this defendant? Twenty or thirty feet from the main tent, back from its entrance to be sure but in plain view, these employees of the defendant began to play ball.   The game attracted thirty or forty spectators from among those then on the grounds, who gathered near the batter's position, some standing within fifteen feet of the plate.   The boy plaintiff seeing the game going on, joined the group watching it, taking his position a little back of the front row of spectators; and it was here that a player in striking at the ball let the tent stake, which he was using for a bat, fly from his hands, striking the boy and inflicting the injuries complained of.

A base ball game played by skilled players, with regulation equipment, is attended with some elements of danger to the spectators. A "scrub" game played with tent stakes for bats is even more dangerous, and the safety of all within the striking distance of a flying stake is jeopardized whenever a player strikes at the ball. The duty owed this plaintiff by the defendant, we think, required that warning be given of this danger, or protection be furnished, if the game was allowed to proceed. It is uncontroverted that no warning was given and no protection furnished. The officers of the corporation, inferentially at least, admit this. They assert that the game was played without their permission, and deny knowledge that it was in progress. They go further and say that their ignorance of the existence of the game and the dangers arising from it relieves them from liability in this action.

We do not think this defense can prevail. The defendant was charged with the affirmative duty of keeping the premises reasonably safe for its invitees. Having failed to perform this duty, and the premises being in fact in an unsafe condition, its knowledge or ignorance of the dangerous condition is immaterial. 26 R. C. L., 714; *Currier* v. *Boston Music Hall*, 135 Mass., 414; *Hart* v. *Washington Park Association*, 157 Ill., 9; *Lusk* v. *Peck*, supra. A proper supervision of the grounds, and even slight attention on the part of those in charge of the defendant's exhibition, would have brought to them knowledge of the ball game, its dangers, and the lack of protection to those watching it. If the manager and other officers were ignorant of the situation, we think theirs was negligent ignorance, which in law is equivalent to actual knowledge.

Upon the evidence, the jury were fully justified in finding that the defendant corporation was negligent.

Contributory negligence on the part of the plaintiff, Jasper M. Easler, is also advanced to defeat his recovery. He was twelve years old when he received his injuries, and possessed, so far as the record discloses, the usual intelligence of a child of those years. He was, therefore, bound to use that degree of care only which ordinarily prudent children of that age and like intelligence are accustomed to use under like circumstances; *Crosby* v. *Railroad Co.*, 113 Maine, 270; *Milliken* v. *Fenderson*, 110 Maine, 306; *Garland* v. *Hewes*, 101 Maine, 549; and unless he voluntarily exposed himself to a danger, the existence of which he knew, or in the exercise of that degree of

care to which the law holds him he ought to have known,—he neither assumed the risk of accident nor contributed negligently to his own injuries. *Chickering* v. *Power Co.*, 118 Maine, 414.

He joined a group of spectators already gathered to watch the game, and stood among them, but back a little from those in front. A jury, which ought to know boys and ball games as well as any tribunal, in returning a verdict for him, absolved him from lack of due care, and we find in the record no sufficient reason for disturbing their verdict on this ground.

The conclusions we have reached in the case brought in behalf of Jasper M. Easler, apply to the case brought by his father, Percy F. Easler, and the entry in both cases must be,

*Motion overruled.*