## No. 15,975.

### Krause et al. *v.* Watson Bros. Transportation Company, Inc. et al.

(200 P. [2d] 387)

Decided November 29, 1948.

Messrs. Rogers, Bruno & Rogers, for plaintiffs in error.

Mr. H. Berman, for defendants in in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFFS in error sought to recover damages from defendants in error for asserted negligence of the latter in connection with the operation of a motor truck which resulted in the death of their six year old daughter, Loretta Krause, at the loading dock of defendant corporation. At the close of plaintiffs' case the court, upon motion by defendants for dismissal, directed the jury to return a verdict finding the issues joined for the defendants, and rendered judgment in accord therewith. The question here involved is the sufficiency of the evidence to require submission of the case to the jury.

Plaintiffs offered evidence in brief as follows: Loretta, on the afternoon of the fatality, joined her brothers Ralph, aged nine, and Robert, aged seven, at play in a neighboring ball park, and from there the three children crossed the street to the warehouse and adjoining loading docks operated by the defendant corporation; they had been there many times before to play, the last time being only a few days before; the dock floor was so constructed as to be level with the floor of the company trailers and about three feet from the ground; there were men at work on the dock nearby; Ralph climbed upon the dock and Robert climbed upon a trailer which was backed up to the dock and about three feet from it, and the two of them were attempting to lift Loretta upon the trailer when defendant Lawson, an employee of defendant corporation, who had been working on the docks, came out of the warehouse, crossed the dock to a company tractor which stood in front of the trailer, then drove the tractor forward until in proper line and backed it against the trailer, hitting it, as is customary, with sufficient force to engage the coupling pin; this resulted, as frequently happened, in

driving the rear end of the trailer against the dock, where it crushed Loretta's body between them. There was further evidence that the dock and trucks were near and plainly visible from the street and in part unfenced, and that children played about the docks "all the time." Defendant Lawson testified that he did not notice any children playing around there as he went to hook up the trailer, but that he had seen children playing there; that he had never chased children away from there because it was none of his business, but that he had "seen foremen up there chase them away continually." Defendant Lawson's helper Greenfield, at the time of the accident, was standing on the east side of the trailer waiting to roll up the dollies on the trailer after the coupling was completed. Another witness testified that she lived directly across the street in an upstairs apartment; that from her window she could view the defendant corporation's docks; that she was watching the Krause children at play over there, saw one of the boys trying to pull Loretta up in the trailer, heard one of the boys cry "look out!" and saw the accident; that one or two men had been working on the dock prior to the accident within about seven feet from where the Krause boy stood.

We have here, not the question of whether defendants left unguarded and open to trespassing children property or instrumentalities which are dangerous per se, but rather the question whether defendants exercised reasonable care, in carrying on their activities, to guard the safety of trespassing children if any, whose presence was known or should have been anticipated. It is a question of active, not passive, negligence. Anno. 156 A.L.R., p. 1226.

The children were trespassers, but even as to trespassers, we have refused to follow without exception the narrow rule that the only obligation owed to them is to abstain from wilful, wanton or reckless conduct. The owner of premises is liable for injuries result-

ing from active negligence to trespassers whose presence is known or, in the exercise of care, ought to be known.

In *Catlett v. Colorado & Southern Ry. Co.,* 56 Colo. 463, 139 Pac. 14, employees of a sugar factory had been accustomed, for some years, to walk on a path which crossed defendant's tracks, to and from their homes. A witness testified that he passed Catlett on his way home along that path, exchanged greetings with him, and saw nothing out of the way with him. Shortly afterwards Catlett was run over by defendant's train. The fireman on the railway locomotive testified that he watched at the street crossings and was then busy at other duties when suddenly he saw something on the track which a little later he recognized to be a man, and signaled the engineer, who was not keeping a lookout on the track, to stop the train; but that the latter was unable to stop before running over the trespasser. There was evidence that the engineer or fireman could easily have seen a man lying on the track for a distance of six to eight hundred feet, and that the train could have been stopped within a distance of one hundred and fifty feet. Upon such testimony, we held that direction of a verdict for the defendant was error. There, Catlett was a trespasser and his presence was not discovered until too late to prevent his death, but the employees of the sugar factory were in the known habit of crossing the company's lines at that point and defendant had suffered such trespass which was customarily most frequent at substantially the time of day when Catlett was killed. Under these circumstances we held that the question of negligence should have been submitted to the jury.

In *Florence & Cripple Creek R. R. Co. v. Kerr,* 59 Colo. 539, 151 Pac. 439, we cited the Catlett case as authority for the rule that defendant was required to use ordinary care to avoid injury to plaintiff whether he was technically a trespasser, a traveler, or a licensee. Again, in *Averch v. Johnston,* 90 Colo. 321, 9 P. (2d) 291, we said: "In *Catlett v. Colorado & Southern Ry.*

*Co.*, 56 Colo. 463, 139 Pac. 14, we held that a railway company is liable for the death of a person killed while trespassing upon its tracks, if the company's fireman saw him, or in the exercise of reasonable care could have seen him, in time to have avoided the accident." It will be noted that this rule requires reasonable care, not only toward known trespassers, but as well toward trespassers whose presence should reasonably be anticipated from facts within the knowledge of defendant.

Like principle is announced in the restatement: "A possessor of land, who is in immediate control of a force, and knows or, from facts within his knowledge, should know of the presence of trespassers in dangerous proximity thereto, is subject to liability for bodily harm thereby caused to them by his failure to exercise reasonable care (a) so to control the force as to prevent it from doing harm to them, or (b) to give a warning which is reasonably adequate to enable them to protect themselves." Restatement of the Law—Torts, 918, §338. See, also, *Ellis v. Ashton & St. Anthony Power Co.*, 41 Ida. 106, 238 Pac. 517.

It is also the general rule that where, as here, the trespassers are children of tender years, more care must be exercised than toward persons of mature years, where the owner or occupant knows or has good reason to believe that they are on the premises.

"The known characteristics of children should, however, be taken into consideration in determining whether or not sufficient care for the safety of a child has been exercised in a particular case. Accordingly, the fact that children cannot and do not ordinarily exercise the same degree of prudence and care for their own safety as adults imposes upon those by whose acts or omissions a child may be injured the obligation of exercising more vigilance and caution than might be sufficient with respect to an adult, and conduct which might reach the standard of ordinary care with respect to an adult might, in the case of a child, amount to negligence, or even

gross negligence." 45 C.J., 702-703. "The general principle that more care must be exercised toward children than toward persons of mature years operates where the children are trespassers but the owner or occupant knows or has good reason to believe that they are upon the premises." 38 Am. Jur. 780.

Furthermore, children of tender years are required to exercise only such care to avoid danger as may fairly and reasonably be expected from persons of their age. *Simkins v. Dowis,* 100 Colo. 355, 67 P. (2d) 627, and cases therein cited.

From plaintiffs' evidence in the case now before us a jury might have found that the trespassing of children upon defendant corporation's premises was of such nature, and so frequent, as to charge defendants with the duty of taking due care for their protection, or that these children were so plainly visible at their play on and about the dock and trailer that in the exercise of reasonable care they should have been seen by the driver of the tractor or his helper as they went across the dock and towards the trailer, and in the exercise of reasonable care the tragedy prevented; and that these children were of such tender years that they could not be expected to appreciate their danger. Such being the case these questions should have been submitted to the jury.

The existence of a right of action for negligence on behalf of an infant is in nowise dependent on the devotion, care or habits of its parents. At the former trial numerous questions of that nature were asked, entirely irrelevant to any issue involved, and tending only to embarrass the witness and prejudice the jury. Such interrogation, in the event of a retrial, should not be repeated.

The judgment is reversed and the case remanded.