Smith *v.* Waldman, Appellant.

Argued June 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Henry Temin*, with him *Harold M. Kominars*, and *Max E. Cohen*, for appellant.

*M. Stuart Goldin*, with him *Norman Shigon*, for appellees.

OPINION BY ERVIN, J., September 16, 1960:

These are appeals from the refusal of the court below to grant defendant's motion for judgment n.o.v.

The case arose as a result of an automobile accident which occurred on the East River Drive near the Strawberry Mansion ramp in Philadelphia. The jury found

verdicts in favor of Jeffrey Smith in the amount of $3,500.00; Barry Smith in the amount of $250.00; and Harry Smith and Florence Smith in the amount of $1,-468.00.

In considering a motion for judgment n.o.v., the verdict winner must be given the benefit of the evidence which is most favorable to him, together with all reasonable inferences therefrom: *Shaffer v. Baylor's Lake Assn., Inc.,* 392 Pa. 493, 141 A. 2d 583; *Goldenberg v. Watkins,* 191 Pa. Superior Ct. 5, 155 A. 2d 478.

The accident occurred on June 25, 1956, a clear, bright, sunny day, at 3:00 p.m. on the East River Drive at a point just south of the Strawberry Mansion ramp. At that point the East River Drive is 42 feet, 8 inches wide and contains two northbound lanes and two southbound lanes for traffic. The minor plaintiffs, Jeffrey Smith, age 6½, and Barry Smith, age 5, were standing on the curb on the east side of the East River Drive, just south of the intersection of the East River Drive and the Strawberry Mansion ramp, together with another boy, David, age 9. They were facing in a westerly direction, preparing to cross the road; the defendant was operating his automobile in a southerly direction in the lane nearest the west side of the East River Drive at a speed of 25 to 30 miles per hour. There was no traffic in front of the defendant's vehicle and he had clear visibility. The defendant saw the boys when he was 100 to 150 feet away from them. When the defendant's car was about a block away, the boys started to run across the road. The defendant was unable to stop his vehicle and struck Jeffrey with the right front of the car and Barry with the left front of the car, injuring both boys. Jeffrey was thrown to the sidewalk on the west side of East River Drive. The blow was of such force as to knock Jeffrey out of one of his shoes. He suffered severe lacerations of the forehead, multi-

ple bruises of the body, abrasions and contusions of the right knee and thigh and a concussion of the brain. Barry suffered a laceration of the left leg and contusions of the right leg.

The defendant was called on cross-examination by the plaintiff's attorney. According to his testimony, the boys were still on the curb when he was parallel with them and he was traveling at 20 miles per hour. The boys then ran out on an angle to strike the left front of his car. Defendant's attorney argues that plaintiffs are bound by such testimony. Such testimony was contradicted by Jeffrey when he testified as follows: "Q. Did you look for any automobiles? A. Yes. Q. Where was the nearest automobile from you—in what direction did you look? A. Both directions. Q. Where was the automobile? A. Well, they were far from us. We didn't worry about them. When David said, 'Go,' we went. Q. About how far from you was the automobile—one block or two blocks? A. About a block."

The defendant's testimony was also contradicted by John W. Woodlyn, as follows: "BY THE COURT: Q. Can you tell us whether they were darting across in a straight line or on an angle? A. As far as I can remember, all three, one after the other, darted out in a straight line—like one after the other." The defendant's testimony was further contradicted by the testimony of Robert Kates, the investigating officer, as follows: "Mr. Waldman said he tried to stop, but was unable to do so in time, and all three boys were hit by Mr. Waldman's car."

The defendant's testimony on cross-examination was contradicted and, in addition, there was such a degree of improbability in the statements themselves as to deprive them of credit. The boys could not have been standing on the curb over 30 feet away from the side of

the defendant's car when he was parallel to them traveling at a speed of even 20 miles per hour and then still run into the left front side of his car. He was contradicted by the circumstances of the case as well as by the other witnesses; consequently, the jury properly came to the conclusion that he was unworthy of belief. *Matthews v. Derencin*, 360 Pa. 349, 62 A. 2d 6; *Com. ex rel. Spielvogel v. Spielvogel*, 181 Pa. Superior Ct. 61, 121 A. 2d 886.

Jeffrey and Barry were under the age of seven; consequently, they were conclusively presumed to be incapable of contributory negligence: *Kuhns v. Brugger*, 390 Pa. 331, 135 A. 2d 395; *Geiger v. Schneyer*, 398 Pa. 69, 157 A. 2d 56.

Where there is a reasonable apprehension that children may run into a place of danger, there is a duty imposed on the operator of an automobile to exercise a higher degree of care than under ordinary circumstances and to have the car under such control that it can be stopped on the shortest possible notice that harm may be inflicted: *Geiger v. Schneyer*, supra.

Under the evidence, the case was properly left to the jury.

Judgments affirmed.