No. 20912.

CHARLOTTE SCHAFFNER *v*. PHYLLIS COLLEEN SMITH,
A MINOR, BY HER MOTHER AND NEXT FRIEND,
PHYLLIS M. SMITH, ET AL.
(407 P.2d 23)

Decided November 1, 1965.

YEGGE, HALL and SHULENBURG, WESLEY H. DOAN, for plaintiff in error.

CAIN, HOLLAND and TOBY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is an auto-pedestrian accident case.

We shall refer to the parties by name or as plaintiffs and defendant as they appeared in the trial court.

The complaint was filed in February 1962 naming Phyllis Colleen Smith, a minor (aged 11 years at the time of the accident in 1960) as one plaintiff and her mother, Phyllis M. Smith, as another plaintiff; Charlotte Schaffner, Myer J. Schaffner and Edward J. Ray were named as defendants.

Negligence was alleged against the defendants because of the following facts, viz.: Ray, with Mrs. Schaffner following his car in the inside lane of northbound traffic, had stopped to let plaintiff and her sister cross from

west to east on North Federal Boulevard in the City of Denver. Mrs. Schaffner, without seeing the children, and without knowing why Ray had stopped, proceeded to go around Ray's vehicle in the right-hand lane and thereupon struck Phyllis Colleen as she walked from in front of Ray's car into the path of the Schaffner vehicle. Phyllis Colleen suffered serious injuries. It was asserted that Ray had motioned the children to cross after he had stopped and was thereby negligent. The action was later dismissed as to Myer Schaffner, the husband, and as to Ray. Trial was had to a jury, and at the conclusion of the evidence both parties moved for a directed verdict. The trial court granted plaintiffs' motion with the result that Phyllis Colleen was awarded $7,000 on her cause of action, and her mother $231.20 in damages on a second cause of action for labor and expenses incurred in connection with her daughter's accident.

 Error is asserted by Mrs. Schaffner on various grounds, the material ones, however, being the granting of the plaintiffs' motion for a directed verdict and the denial of defendant's similar motion. Since a reversal is required because of the directed verdict, we will not enumerate or comment on the other alleged errors except to say that from what is hereinafter said, obviously defendant was not entitled to a directed verdict in her favor; and with reference to those errors asserted relating to the voir dire examination, we hold that the errors claimed as to evidence introduced and the instructions given, are all without merit. Also, the error asserted as to the dismissal of Ray as a defendant cannot be considered by us since he was not made a party here and the judgment of the trial court as to him became final.

Schaffner's answer, among other defenses, asserted a general denial and affirmatively alleged that the injuries and losses were incurred as a result of the sole or contributory negligence of the plaintiff Phyllis Col-

leen Smith, or the sole negligence of an unknown party, or of Phyllis Colleen and an unknown party, or were due to the concurrent negligence of Phyllis Colleen and another, or were due to an unavoidable accident.

It is undisputed that the accident took place on August 26, 1960 at about 10:30 a.m. at or near the intersection of North Federal Boulevard and 65th Avenue in Adams County, Colorado. The record discloses that Mrs. Schaffner's vehicle had almost or completely stopped, after applying her brakes, "in a front suspension jerking motion" but it caught Phyllis Colleen and threw her into the air several feet. The victim fell approximately three to four feet in front of the Ray vehicle. An apparent conflict in the evidence at this point was whether the Schaffner vehicle stopped almost even with the Ray station wagon, as a patrolman testified, or whether it stopped about two car lengths beyond, as Mr. Ray testified.

The investigating officer, who by chance had seen the accident, placed the point of impact as being 20 feet south of the prolongation of what would be 65th Avenue if it stretched across Federal Boulevard — which it doesn't. The median strip was four feet wide at the point in question, and the two traffic lanes on either side were each 10 to 12 feet wide. There was no painted crosswalk at the scene. What might be called an unmarked crosswalk area was 12 to 15 feet to the north. The word "School" was painted on the northbound lane of traffic where the Smith sisters were crossing. This wording referred to a crossing at 67th Avenue and North Federal, two blocks north. There is a signal light at 66th Avenue and North Federal that could have been used by the sisters to cross the street. Apparently, the first pedestrian-marked crosswalk over North Federal, in the vicinity of West 65th Avenue, was located at 67th and North Federal where there was a school safety light. Phyllis Colleen had had safety instruction in school on how to cross streets. In addition, her mother

testified that she had instructed her daughter always to watch and to look both ways before crossing a street.

Traffic was described as light to moderate at the time of the accident, visibility was good and the street was dry. There were no obstructions on the highway blocking Mrs. Schaffner's view except the Ray vehicle.

Mrs. Schaffner had been proceeding at 35 m.p.h. while following Ray. The authorized speed for vehicles at this location on North Federal was 45 m.p.h. Mrs. Schaffner slowed her vehicle to about 20 to 25 m.p.h. when she noticed that Ray was about to stop. Thereupon she proceeded to angle into the right hand lane approximately 1½ car lengths behind his station wagon. The rear window of Ray's vehicle was obstructed with luggage. Mrs. Schaffner testified that at no time did she see the two little girls together; that she only saw Phyllis Colleen after the latter had reached a point between the front-center of the station wagon and its right wheel, and that she thereupon immediately applied her car's brakes. Both Mrs. Schaffner and Ray were traveling up a slight grade as they drove northerly and the crest of the rise was just a short distance beyond the point of impact.

The two Smith sisters were familiar with the street and traffic thereon. Phyllis Colleen first testified that she saw "the cars coming" then a short while later stated that she had seen only Ray's car approaching. In any event, she did not look for any other vehicles. She also stated that Mr. Ray had motioned her on and she then proceeded to cross in front of his car looking straight ahead. After the Ray vehicle stopped, she did not look to the right down the street. Her sister saw the accident happen after she had crossed the street ahead of Phyllis Colleen and she had also seen both cars while on the median strip, although, at the time, she did not comment on it to her sister.

To summarize then, the above facts disclose that the minor plaintiff, then eleven years of age, was crossing

a multiple lane highway in an area outside of a marked crosswalk in violation of C.R.S. '53, 13-4-59(1); that she was familiar with the area and had been instructed at school on highway safety matters and that her mother had also cautioned her on how to proceed before crossing a street. Further, it is disclosed that the victim knowingly moved from a position of safety to one of peril without looking to her right to see if her path was safe. Under the circumstances, we hold that a factual question for jury determination was presented as to whether Phyllis Colleen was negligent; and we so hold regardless of whether Mrs. Schaffner was negligent in failing to observe the two girls on the median strip as she approached the Ray vehicle, and regardless of whether it was negligence on Mrs. Schaffner's part to proceed around the other car. It was therefore error for the trial court to direct a verdict in favor of Phyllis Colleen. And, of course, under these facts there is no merit to Mrs. Schaffner's contention that she was entitled to a directed verdict.

■■ We have repeatedly held that it is only in the clearest of cases, when the facts are undisputed, and when it is plain that reasonable men would draw but one inference from them, that a verdict should be directed, *i.e.*, that the question of liability is solely one of law for the court. See: *Schell v. Kullhem*, 127 Colo. 555, 259 P.2d 861 (1953) and cases cited therein. It is also the well settled rule where reasonable men might draw different inferences from the evidence, regardless of any conflict therein, that it is still within the special province of the jury to determine the facts. *Schell, supra.*

■ It is true that children of tender years are required to exercise only such care to avoid danger as may fairly and reasonably be expected from persons their age. *Krause v. Watson Brothers Transportation Co., Inc., et al.*, 119 Colo. 73, 200 P.2d 387 (1948). If there is a fair doubt as to whether the minor is chargeable with negligence due to its age, the question should

be submitted to the jury. *Colorado Utilities Corp. v. Casady*, 89 Colo. 156, 300 Pac. 601 (1931). As a matter of law, we will not say that an eleven year old child was not guilty of contributory negligence under these facts. The care and caution required of such a child depend on its maturity and capacity and is dependent on the circumstances of each particular case. *Kopplekom v. Colorado Cement Pipe Co.*, 16 Colo. App. 274, 64 Pac. 1047 (1901). Here, the age and maturity of the plaintiff, Phyllis Colleen, were important to determine whether her conduct was negligent; and if it was, she cannot recover. *Fabling v. Jones*, 108 Colo. 144, 114 P.2d 1100 (1941).

■ In view of the fact that the mother's claim is derivative, it follows that should a jury find the daughter guilty of negligence or contributory negligence, she also would not be entitled to recover. Accordingly, we hold that error also occurred as to the judgment in favor of Mrs. Smith.

For the reasons given, the judgment is reversed, and the cause remanded for re-trial to a jury.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.