No. 21374.

JOSEPH BENALLO *v.* JAMES PHILLIP BARE, BY HIS MOTHER
AND NEXT FRIEND, RUTH L. RENNELLS.

(427 P.2d 323)

Decided February 27, 1967.     Rehearing denied April 24, 1967.

WORMWOOD, WOLVINGTON, RENNER and DOSH, for plain-
tiff in error.

BRENMAN, CIANCIO, EPSTEIN, KRANZLER, ZEROBNICK and
ZUCKERMAN, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is a tort action with undisputed material facts involving the question of whether plaintiff in error, Joseph Benallo, as driver of an automobile, is liable for the physical injuries suffered by a six year old pedestrian, James Phillip Bare. At the trial, at the close of the evidence, the court took the issue of liability from the jury and directed it to find Benallo guilty of negligence and to decide only the amount of damages recoverable. The jury brought in a verdict in favor of James in the amount of $2,000.

The accident occurred on a clear day at about 2:42 p.m. on November 13, 1962, in the area north of Denver and in the vicinity of 5828 Monaco in Commerce City. Monaco is a two-way north-south street and, in the area in question, has a slight rise some 75 feet or more south of the point where the accident occurred. This rise, however, does not obscure the view of a driver going in either direction. On the east side of the street in the 5800 block are several homes and that of the injured child is the second house from the corner going north. Across the street is open space, and six feet from the west edge of the pavement are mail boxes on posts belonging to the residents on the east side of the roadway. The paved portion of Monaco in this vicinity is 24.3 feet wide, and the point of impact, where Benallo's right front fender struck James, was 3.7 feet from the east edge of the pavement.

The record discloses that Benallo was driving a station wagon in his own right hand lane and proceeding in a northerly direction on Monaco at about 25 to 30 miles per hour. Though he could not pinpoint the spot from where he first saw James, from other evidence this was at least 75 feet south of the later point of impact.

In any event, as he approached the 5800 block, he saw a mailtruck which was headed south stopped across the street from the house designated as 5828 Monaco. As the truck pulled away going south, he saw the child, aged six years, taking mail from the box. James then turned around with his back to the box, looked to the north, then to the south towards two approaching vehicles of which Benallo was driving the front one. According to the driver of the automobile following Benallo's vehicle, the child then started east across the street in front of the two cars at a "fast walk."

Benallo testified that when he first saw James, he took his foot off his car's accelerator but did not then apply his brakes. He also stated that from the time he saw James, he kept his eyes on him at all times. However, he also testified that during the short interval from the time he saw him until he applied his brakes before striking him "I waved to the driver (of the mail truck). I thought it might be one of our boys from Commerce City." The physical evidence was that he laid down 31.2 feet of skid marks before his car struck James, and 34.7 feet of additional skid marks before he could stop.

The victim was thrown 43 feet diagonally off to the northeast. Benallo said there was a slight film of sand on the highway, thereby intimating that conditions prevented his stopping sooner; however, the car following about 2½ car lengths behind him was able to stop without striking his vehicle by pulling to his right.

For reversal plaintiff in error urges seven grounds, several of which have no merit and the balance of which we shall discuss together. In essence, these involve the question as to whether, under the facts presented, the six year old plaintiff below was guilty of contributory negligence either as a matter of law or as a matter of fact, requiring submission thereof to the jury. We agree with the trial court that, as a matter of law, Benallo

himself was guilty of negligence when his vehicle struck James.

The question of whether a child of such tender years as James is capable of being contributorily negligent has not yet been decided in Colorado and decision in other jurisdictions vary. Some states have adopted a rule providing a conclusive presumption in such cases. *Annot.*, 77 A.L.R.2d 917, 921. The reason for the rule is that a child beneath a certain age is lacking in both judgment and discretion as well as mental capacity to discern and appreciate circumstances of danger. Just what the age should be is a matter of some variation, however. The most frequently applied rule seems to be the one which sets the limit for a conclusive presumption against contributory negligence at under age seven. See the following cases where children seven years of age or under were held incapable of contributory negligence. *Turner v. Seyfert*, 44 Ill. App.2d 281, 194 N.E.2d 529 (1963); *Smith v. Waldman*, 193 Pa. Super 166, 164 A.2d 20 (1960); *Waugh v. Duke Corporation*, 248 F. Supp. 626 (D.N.C. 1966) citing *Walston v. Greene*, 247 N.C. 693, 102 S.E.2d 124 (1958); *Hodges v. United States*, 98 F. Supp. 281 (S.D. Iowa 1948).

Colorado has not yet dealt with the problem in terms of presumptions, but has operated on the theory that a child prima facie not sui juris is only required to exercise a degree of care as may reasonably be expected of children of that age. *Schaffner v. Smith*, 158 Colo. 387, 407 P.2d 23 (1965) (11 year old girl); *Lakeside Park Company v. Wein*, 111 Colo. 322, 141 P.2d 171 (1943) (12 year old girl); *Simkins v. Dowis*, 100 Colo. 355, 67 P.2d 627 (1937) (8 year old boy); *Colorado Utilities Corp. v. Casady*, 89 Colo. 156, 300 Pac. 601 (1931) (9 year old boy). However, in the case of *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 59, 396 P.2d 933 (1964), we indicated that children up to an age not then specified by this court are not, as a matter of law, capable of contributory negligence. There we held it to be error

to instruct the jury on contributory negligence in a case involving injuries to several children, the oldest age four and the youngest nine months, noting particularly that "Children of very tender years, certainly nine-month-old babies, are incapable of negligence; * * *"

In the case before us we are thus called upon to determine either whether James, then aged six, was incapable, as a matter of law, of being contributorily negligent; or, whether the question was one of determining the reasonableness of his actions in light of his age and thus was for the jury to determine. Plaintiff in error has cited *Herbertson v. Russell*, 150 Colo. 110, 371 P.2d 422 (1962) and *Krause v. Watson Bros.*, 119 Colo. 73, 200 P.2d 387 (1948) for the proposition that the question of contributory negligence of a six year old child is one for the jury. In neither of these cases, however, was this precise issue presented. In *Herbertson* this court approved the trial court's finding that six year old Glenda Sue was not contributorily negligent. The question was not raised as to whether this holding should have been resolved as a matter of law or as a matter of fact. In *Krause* the issue of contributory negligence was not even before the trial court and the only question on writ of error was the sufficiency of the evidence as to ordinary negligence.

We believe it is desirable at this time to adopt a specific rule on the problem involved here. We hold, therefore, along with those jurisdictions previously cited, that a child six years of age or younger is incapable of being contributorily negligent. The trial court was thus correct in taking this issue from the jury. Since the court was also correct in taking the question of the ordinary negligence of Benallo from the jury, failure to instruct the jury on that issue did not constitute error.

The judgment is affirmed.

Mr. Justice McWilliams, formerly concurring, now dissents.

Upon a reconsideration. of this matter in connection with the plaintiff in error's petition for rehearing, I have changed my mind and now I would not only grant the petition for rehearing, but I dissent from the majority opinion.

In my dissent I am only concerned with that portion of the majority opinion which approves the ruling of the trial court that *as a matter of law* Benallo was guilty of negligence which was a proximate cause of the unfortunate accident wherein the minor child, James Bare, was struck by the vehicle driven by Benallo.

The majority opinion concerns itself almost exclusively with the rather interesting question as to whether a 6 year old child under any circumstance could be guilty of contributory negligence. Accordingly there is virtually no discussion in the majority opinion of the equally important issue as to whether the trial court was correct in its determination that as a matter of law Benallo was guilty of negligence which was the proximate cause of the child's injuries. In this regard the only reference in the majority opinion to this important issue is as follows: "We agree with the trial court that, as a matter of law, Benallo himself was guilty of negligence when his vehicle struck James."

With the forgoing conclusion, I am very definitely not in accord. On the contrary, I am of the firm view that the issue as to whether Benallo was negligent and — if negligent — whether his negligence was a proximate cause of Bare's injuries was a disputed issue of fact to be resolved by the jury.

At this stage of the proceedings the evidence should be viewed in the light most favorable to Benallo. It was Benallo's general theory of the case that he was driving his vehicle in a reasonably careful manner and within the lawful speed limit when the Bare child ran into the street in the middle of the block, and that it was for this reason that he was unable to stop his vehicle before

striking the child. And I find evidence in the record which supports this theory.

The injured child did not testify. Benallo testified that he was proceeding in a northerly direction on Monaco at approximately 25-30 miles per hour; that as he entered the 5800 block he saw a child standing off the street by a mailbox on the west side of Monaco; that he then took his foot off the accelerator and thereafter kept his eyes on the boy "all the time"; that he saw the boy look to the north and then directly towards the approaching vehicle being driven by Benallo; and that "all of a sudden" the boy was directly in front of his car.

Benallo called as his witness one Shirley Martin, who was driving a vehicle some 2 or 3 car lengths behind Benallo's car. She testified that she saw the boy leave the mailbox and proceed into the street in the middle of the block at what she described as either a "slow run" or "fast walk."

True, there is some evidence which would tend to support the plaintiff's contention that the accident was solely caused by Benallo's negligence, and did not result from any act, be it negligent or not, on the part of the minor child. Though the facts and circumstances surrounding this accident may not be in great dispute, certainly reasonable minds might well differ as to the proper inferences to be drawn from those facts and circumstances. For example, though the injured child for some reason did not testify, his mother did. She stated that she did not see the accident, though she "heard" it. On direct examination she testified that her child had *never* gone across the street in front of their home to the mailbox, as she would not even allow her children outside the yard. Yet a disinterested witness called by the defendant testified that minutes after the accident she heard the mother say to her injured child, and I quote: "you little s.o.b., how many times have I told you to stay out of the street. . . . . I told you one of these times you were going to get it!"

Without going into any more detail, in my mind all of this adds up to a controverted issue of fact, which under established rules is to be resolved by the trier of the facts. As to the issue of negligence and proximate cause, this was not an open and shut case as the majority of this court now hold. And under the circumstances the matter should not have been resolved as a matter of law by the trial court. It is only in the clearest of cases where the facts are not only undisputed but, in addition, reasonable minds could draw but one inference thereupon that the question of what constitutes reasonable care is one of law. *Lasnetske v. Parres,* 148 Colo. 71, 365 P. 2d 250. In my mind this is not such a "clear" case as to justify the drastic action taken by the trial court.

Finally, it is perhaps of interest to note that at the conclusion of the plaintiff's case the defendant did himself move for a directed verdict in his favor on the ground, among others, that the plaintiff had failed to prove negligence on the part of the defendant. The trial court denied this motion, and said the issue was a "jury question." It was only at the conclusion of the case that the trial court apparently changed its mind and directed a verdict on the issue of liability *against* the defendant. I am of the view that the trial court was correct in its first ruling when it stated, in effect, that the issue of negligence and proximate cause posed a "jury question." It is for this reason that I now dissent.

Mr. Chief Justice Moore has authorized me to state he joins in the foregoing dissent.