484 P.2d 811 (1971)
Sally BENNETT and Brian R. Comstock, individually and as next friends of David Keith Comstock, Plaintiffs in Error,
v.
Susan Ann GITZEN and Burns Memorial Methodist Church, a nonprofit Colorado corporation, Defendants in Error.
No. 70-646. (Supreme Court No. 24029.)
Colorado Court of Appeals, Div. II.
March 9, 1971.
Rehearing Denied March 30, 1971.
Certiorari Denied May 24, 1971.
Van Cise, Freeman, Tooley & McClearn, Charles Goldberg, Denver, for plaintiffs in error.
Tilly & Graves, Ronald O. Sylling, Denver, for defendants in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here as they appeared at trial. Plaintiffs in error will be referred to as plaintiffs; the minor child, David Keith Comstock, will be referred to as David; defendant in error, Susan Ann Gitzen, will be referred to as Gitzen; and defendant in error, Burns Memorial Methodist Church, will be referred to as the Church.
This action was brought by David's parents, seeking recovery of medical and hospital expenses, both past and future, arising from injuries sustained by him on April 3, 1967, in a collision between the bicycle he was riding and an automobile driven by defendant Gitzen. David himself sought recovery of damages for permanent injuries and total impairment of earning capacity.
*812 This complaint alleged, among other things, that David at that time aged five years, nine months, had been attracted to a steep, curving concrete ramp owned and maintained by the Church, and that he had ridden his bicycle down it into the street where he was struck by the Gitzen automobile. Plaintiffs claimed the Church was negligent in maintaining the ramp which it knew, or should have known, was attractive to children. It was further alleged that the Church had made no attempt to exclude children from the premises or render the ramp safe for playing children by either erecting a fence along the property line or across any portion of the ramp, or by posting warning signs.
The collision, resulting in extremely severe injuries to David, occurred near the curb of the street directly in front of the ramp leading from the rear of the Church's sanctuary to the street. This ramp, originally intended for the use of wheelchairs, was completed, along with the rest of the church and sanctuary, in October of 1966. The City of Aurora initially denied approval of the plans for the ramp due to its steep grade. After a specific request by the Church, however, the City waived its requirements and approved the project.
Evidence indicated that from the date of completion until David's accident in April of 1967, neighborhood children rode their bicycles, tricycles, and skateboards down the incline. This practice often resulted in children riding their vehicles into the street. Evidence further indicated that this practice was continuous and popular among neighborhood children at the time of the accident and was generally known to the inhabitants of the neighborhood.
Following trial to a jury, a verdict was entered in favor of the defendant Church; plaintiffs perfected this appeal and the defendant Church filed cross-error. Defendant Gitzen is not a party to this appeal.
Plaintiffs' principal contention is that the trial court's instruction on assumption of risk was in error, and that this issue should not have been submitted to the jury. The primary instruction given on this issue was as follows:
"A person assumes the risk of injury or damage resulting from the negligence of another if he voluntarily and unreasonably exposes himself to injury or damage with knowledge and appreciation of the danger and risk involved, but the conduct of David Keith Comstock is not to be measured by the discretion of an adult person. No greater measure of prudence, circumspection and discretion can be required of him than that reasonably to be expected of a child for the same knowledge, capacity, and experience."
The question before this Court is whether the rule adopted by the Colorado Supreme Court in Benallo v. Bare, 162 Colo. 22, 427 P.2d 323, should be extended to assumption of risk. In that case the Court held as a matter of public policy that a child, six years of age or younger, cannot, as a matter of law, be contributorily negligent and therefore trial courts must not submit this issue to juries in cases involving children of that age or under. The Court explained its ruling as follows:
"The reason for the rule is that a child beneath a certain age is lacking in both judgment and discretion as well as mental capacity to discern and appreciate circumstances of danger. Just what the age should be is a matter of some variation, however. The most frequently applied rule seems to be the one which sets the limit for a conclusive presumption against contributory negligence at under age seven." [Citing cases.]
See Denver v. Kennedy, Colo.App., 476 P.2d 762, and Annot., Modern Trends As To Contributory Negligence of Children, 77 A.L.R.2d 917.
Our Supreme Court has consistently recognized that contributory negligence and assumption of risk are closely akin to one another and that instructions as to both doctrines may be overlapping and unnecessary. Huguley v. Trolinger, Colo., 452 P.2d 1006. See Annot., Distinction Between *813 Assumption of Risk and Contributory Negligence, 82 A.L.R.2d 1218. In Boulder Valley Coal Co. v. Jernberg, 118 Colo. 486, 197 P.2d 155, the Supreme Court clarified its position by stating:
"In Wilson v. Hill, 103 Colo. 409, 86 P.2d 1084, and United Brotherhood v. Salter, 114 Colo. 513, 167 P.2d 954, we have classified assumption of risk as a form of contributory negligence, as has been done in Restatement of the Law, Torts, § 466."
The defense of assumption of risk requires that a plaintiff voluntarily assume the risk and subjectively appreciate the nature of that risk. This defense is an appropriate, logical, and necessary subject to which the Benallo rule should be applied. The propriety of this rationale is supported by Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933, where the Court said:
"Children of very tender years * * * are incapable of negligence; they assume no risks." [Empasis supplied.]
We hold that a child who has not reached his seventh birthday is incapable of knowingly and voluntarily assuming a risk of harm proximately resulting in his injuries, and that it was therefore error for the trial court to submit instructions to the jury based upon this defense.
The defendant Church, by cross-error, maintained that it should have been granted a directed verdict at the close of the evidence. We do not agree. From the evidence submitted at trial, previously delineated in this opinion, and considering this evidence in the light most favorable to plaintiffs, we conclude that reasonable men could find the Church negligent and find its negligence a proximate cause of David's injuries; thus a directed verdict would have been improper. Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964.
As there is no way for us to determine whether the jury arrived at its decision on the basis of a lack of negligence on the part of the Church, or upon a finding of assumption of risk, we reverse the judgment and remand the matter for a new trial.
SILVERSTEIN, C. J., and DUFFORD, J., concur.