518 P.2d 1380 (1973)
Kirsten Renee REAVES, an infant by the Continental National Bank, a Colorado corporation, her legally appointed guardian, Plaintiff-Appellant,
v.
Delores HORTON et al., Defendants-Appellees.
No. 73-040.
Colorado Court of Appeals, Div. II.
December 4, 1973.
Rehearing Denied December 26, 1973.
Certiorari Granted March 11, 1974.
*1382 Kripke, Carrigan, Dufty & Bragg, P.C., Kenneth N. Kripke, Louis Parkinson, Denver, for plaintiff-appellant.
Duane O. Littell, Denver, for defendants-appellees, Delores Horton, Johnny Horton and Keith Horton.
Burnett, Horan & Hilgers, Mike Hilgers, Denver, for defendant-appellee Barbara Reaves.
Selected for Official Publication.
PIERCE, Judge.
This action was brought on behalf of Kirsten Reaves, an infant one month of age, to recover for personal injuries allegedly received as a result of the intentional acts of defendants Johnny and Keith Horton (also infants 4 and 3 years of age, respectively), and due to the negligence of defendants Delores Horton, the mother of Johnny and Keith, and Barbara Reaves, the mother of the infant plaintiff. The complaint alleged: (1) as a claim against Johnny and Keith, that they entered into the residence of the plaintiff while her parents were absent from the premises and committed an assault and battery upon the person of the plaintiff; (2) as a claim for relief against Delores Horton, that she negligently and carelessly supervised or failed to supervise her children, permitting them to commit the assault and battery upon the plaintiff; and (3) as claims for relief against Barbara Reaves, that she negligently and carelessly failed to care for her minor child by leaving the child unattended and also, that her action constituted wanton or reckless disregard of the rights or well-being of the plaintiff.
The evidence indicates that on the day in question, defendant Reaves left her child unattended on a bed in her residence while she was visiting defendant Delores Horton, her next-door neighbor. Defendant Reaves was away from her home for approximately two and one-half hours, but had left the infant surrounded by pillows to prevent her from falling off the bed. As Mrs. Reaves was returning to her home, she saw the minor defendants, Johnny and Keith, jumping off the porch of her home and running across the yard to their own home. Mrs. Horton spoke to her boys as they entered the Horton yard and apparently learned from them that the Reaves baby was in some way in need of attention, and she called to Mrs. Reaves to check on the child. Mrs. Reaves went into the house and found the infant plaintiff on the bedroom floor in a bruised and battered condition.
Prior to trial, defendant Reaves moved to dismiss the claims for relief against her on the grounds of parental immunity. The trial court granted the motion as to the claim for relief based on her alleged negligence in caring for her child, but denied the motion with respect to the second claim for relief alleging her willful and wanton conduct with respect to her child. At the close of plaintiff's evidence, the trial court found the evidence against defendant Delores Horton and defendant Reaves insufficient as a matter of law and granted their motions to dismiss. A motion to dismiss the claims against Johnny and Keith Horton was denied and the case proceeded against these two defendants only. The jury rendered a verdict in favor of these defendants and the trial court entered judgment on the verdict. Plaintiff appeals as to the dismissed claims and as to the judgment entered on the jury verdict.

I. LIABILITY OF DEFENDANT HORTON
Plaintiff argues that the trial court erred in excluding certain admissions of Mrs. Horton from evidence, and in refusing to submit to the jury the issue of Mrs. Horton's negligence in supervising her children. We find no error in either action of the trial court.
The plaintiff attempted to present evidence as to statements made by defendant *1383 Horton following the discovery of the plaintiff's injuries, to the effect that she felt responsible for what had happened and also to the effect that Mr. and Mrs. Reaves would not have to worry about the financial burden of the plaintiff's injuries, presumably because the Hortons would assume that responsibility. The trial court sustained the objection to this testimony and ordered the jury to disregard the statements. The objection was apparently sustained on the grounds that the statements constituted legal conclusions and thus were not competent evidence.
Under the facts of this case, and where the issue came before the trial court as a question of the sufficiency of the evidence for purposes of determination of defendants' motion for directed verdict, it was proper for the trial court to reject these "opinion admissions" when making its determination. Bashor v. Bashor, 103 Colo. 232, 85 P.2d 732.
A parent is not automatically liable for the torts committed by his children simply by virtue of the parent-child relationship. In order to establish liability of a parent, plaintiff must show that the parent in some sense participated in or acquiesced in the actions of her child or failed to exercise reasonable care and control of the child. Hice v. Pullum, 130 Colo. 302, 275 P.2d 193. The standard for the parent's liability is stated more precisely in Restatement (Second) of Torts § 316 as follows:
"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
(a) knows or has reason to know that he has the ability to control his child, and
(b) knows or should know of the necessity and opportunity for exercising such control."
As pointed out in Seifert v. Owen, 10 Ariz.App. 483, 460 P.2d 19, this section of the Restatement is applicable "where the parent fails to restrain the child from vicious conduct imperiling others and the parent knows of the child's propensity towards such conduct (Beating up little children, etc. . . . .)" Furthermore, assuming that knowledge on the part of the parent has been established, it must also be shown that the parent has failed to take the appropriate action to restrain the child. See Condel v. Savo, 350 Pa. 350, 39 A.2d 51, 155 A.L.R. 81.
In the case before us, the only evidence indicating any vicious propensity on the part of Johnny and Keith was evidence indicating that they had at times participated in ordinary roughhouse play in which all children engage. Furthermore, the examples of their supposed propensity were not shown to be a matter of knowledge on the part of their mother, Delores Horton. Finally, if anything, the evidence indicates that Delores Horton did not fail in disciplining her children, but rather, as the trial court pointed out, the record indicates "More diligence on her part than the average mother in watching her children. . . ." Therefore, we conclude that the trial court properly dismissed the claim for relief against Delores Horton.

II. LIABILITY OF BARBARA REAVES
The appellant also argues that the trial court erred in dismissing the claims asserted against defendant Reaves. Plaintiff argues first that the court erred in precluding recovery unless willful and wanton conduct were established and second, that even if that standard is correct, the evidence in the record was sufficient to submit the issue to the jury.
First, we conclude that because of the doctrine of parental immunity, the trial court was correct in applying the willful and wanton standard. While there is no Colorado authority directly in point, the case of Trevarton v. Trevarton, 151 Colo. 418, 378 P.2d 640, indicates that, although there are some exceptions, the doctrine of *1384 parental immunity has some vitality in Colorado. The doctrine of parental immunity has been under attack in recent years (see cases cited in Trevarton v. Trevarton, supra), but we conclude that it does apply where, at most, the parent may be guilty of simple negligence in acts involving the exercise of ordinary parental discretion. Silesky v. Kelman, 281 Minn. 431, 161 N.W.2d 631.
We agree with the ruling of the trial court that, as a matter of law, the sole fact that Mrs. Reaves left her child for a period of over two hours in an apparently safe environment, while it may constitute negligence, would not, standing by itself, be sufficient to support a jury finding that she acted with willful and wanton disregard for her child's safety. This single act on her part cannot be placed within the definition of willful and wanton conduct as was defined in Pettingell v. Moede, 129 Colo. 484, 271 P.2d 1038 where the court stated:
"To willfully and wantonly disregard the rights of others requires a consciousness of heedless and reckless conduct by which the safety of others is endangered. . . . [O]rdinary or simple negligence should be considered as resulting from a passive mind, while a willful and wanton disregard expresses the thought that the action of which complaint is made was the result of an active and purposeful intent. Willful action means voluntary; by choice; intentional; purposeful. Wantonness signifies an even higher degree of culpability in that it is wholly disregardful of the rights, feelings and safety of others. It may, at times, even imply an element of evil.. . . The word wanton is defined in Webster's New International Dictionary (2d ed.), as: `Marked by or manifestly arrogant recklessness of justice, of the rights or feelings of others, or the like. . . .' A failure to act in prevention of accident is but simple negligence; a mentally active restraint from such action is willful. Omitting to weigh consequences is simple negligence; refusing to weigh them is willful."
See also Coffman v. Godsoe, 142 Colo. 575, 588, 351 P.2d 808, 815-816. Therefore, the trial court correctly ruled that the claims for relief against defendant Reaves should be dismissed.

III. LIABILITY OF JOHNNY AND KEITH HORTON
With respect to the cause of action against Johnny and Keith Horton, plaintiff claims several errors.
First, the appellant argues that the trial court failed to instruct the jury properly as to the requisite state of mind of the minor defendants charged with an intentional tort. We agree. The trial court improperly instructed the jury that in order to find for the plaintiff, it had to find these minor defendants capable of intending a harmful contact with the plaintiff, and that the defendants, in fact, acted with such an intent to make a harmful contact.
In the case of an intentional tort, it is only necessary that a minor defendant have the capacity to intend the violent contact itself, even though he is incapable of realizing that the contact may lead to injury of another. Ellis v. D'Angelo, 116 Cal.App.2d 310, 253 P.2d 675. Cf. Benallo v. Bare, 162 Colo. 22, 427 P.2d 323; Bennett v. Gitzen, 29 Colo.App. 271, 484 P.2d 811; LeCoq v. Klemme, 28 Colo.App. 590, 476 P.2d 280. Since the court erred in these instructions, the case must be remanded for a new trial with regard to the two minor defendants only.
Among other claims of error, plaintiff alleges errors in the refusal of the trial court to admit an exhibit offered at trial and in the submission of one of the instructions given by the court. Since these issues are likely to recur on retrial, we will consider them in turn.
Plaintiff argues that the trial court erred in refusing to admit plaintiff's exhibit which was a replica of an object which Mrs. Reaves found in the bedroom and *1385 which, by the plaintiff's theory, was evidence of the fact that the Horton boys had been there on the day in question. Defendants' counsel objected to the admission of this exhibit on the grounds that it was not shown to be the actual item which was discovered in the bedroom; that it was not established that it was sufficiently similar to the actual item; and that plaintiff did not establish the ownership of the item as a prerequisite to its admission.
While replicas of physical evidence are usually admissible where the original item has been lost or destroyed, this question is a matter within the discretion of the trial judge. See E. Cleary, McCormick on Evidence § 213 (2d ed.). Failure to admit this exhibit into evidence was not an abuse of discretion in this case where it was not established that the item represented by the exhibit belonged to the Horton children.
Plaintiff also argues that the trial court erred in failing to submit Colorado Jury Instructions 9:26 to the jury in place of Colorado Jury Instructions 9:24. The objection to Colorado Jury Instructions 9:24 is that it refers to "the" proximate cause. Plaintiff argues that this would require that the jury find the defendants' conduct to be the sole proximate cause of the plaintiff's injuries. In a negligence action, there may be more than one proximate cause of the plaintiff's injuries, but any given defendant may be found responsible for the damages if his negligent acts, or failure to act, were a proximate cause of the injuries. The first paragraph of Colorado Jury Instructions 9:26 properly defines this basic concept of proximate cause as it does not mislead the jury into searching for a single proximate cause. See W. Prosser, Law of Torts § 41 (4th ed.). The second and third paragraphs of Colorado Jury Instructions 9:26, while correct statements of the law, would not be applicable to the facts in this case.
Because of the confusion it causes, Colorado Jury Instructions 9:24 should be used only in those cases for which it was designed, namely, when only one proximate cause is at issue. It should never be given in conjunction with Colorado Jury Instructions 9:26 or any part thereof. Upon retrial of this matter, we recommend that the first paragraph of Colorado Jury Instructions 9:26 be submitted to the jury, rather than Colorado Jury Instructions 9:24.
Judgment affirmed in part, reversed in part, and remanded for a new trial as to defendants Johnny and Keith Horton.
COYTE and SMITH, JJ., concur.